353 A.2d 441

**COMMONWEALTH of Pennsylvania**

v.

**Rickey ZUBER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1975.

Decided March 17, 1976.

454

Kairys & Rudovsky, David Rudovsky, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

Appellant, Rickey Zuber, was arrested on May 4, 1973, and charged with the murder of one Ronald Hill. At the time of his arrest, appellant was on parole, having served

seven months of a sentence of three months to five years for a prior conviction in 1971 on charges of aggravated robbery. Counsel was appointed to represent Zuber in his murder trial and, following the denial of a pre-trial motion to suppress a confession, counsel entered into plea bargain negotiations with the assistant district attorney assigned to the case. The result of said negotiations was a promise by the Commonwealth to recommend a sentence of seven to fifteen years, and further, that the Commonwealth would join with defense counsel in a request to the State Board of Parole that the new sentence run *concurrently* with appellant's "backtime" of four and one-half years. The assistant district attorney stated the terms of this agreement in open court, whereupon appellant entered a plea of guilty to murder generally. The court reiterated the terms of the agreement for the record and, accepting the Commonwealth's recommendation, imposed a sentence of seven to fifteen years' imprisonment.

On this post-conviction appeal,[1] appellant claims that his plea was "not knowingly or intelligently entered, nor did [he] have an understanding of its nature and consequences." In support of this, appellant asserts that his plea was induced by the specific promise made by the Commonwealth, in addition to the recommended sentence, concerning the "back time" owed on the earlier aggravated robbery conviction.

---

1. Jurisdiction is conferred upon this Court pursuant to the Act of January 25, 1966, P.L. (1965) 1580, § 11, 19 P.S. § 1180–11, and Section 202 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 233, Art. II, § 202, 17 P.S. § 221.-202.

Appellant had filed a direct appeal to this Court following the imposition of sentence on his guilty plea. Subsequently, we granted a Petition for Remand for a Hearing under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1, effective March 1, 1966, 19 P.S. § 1180–1. Upon remand, a hearing was held on appellant's petition and on May 8, 1975, an order denying the petition was entered. This appeal followed.

■ Appellant correctly states that said promise by the Commonwealth was a false and empty one since the law is quite clear that a parole violator convicted and sentenced to prison for another offense must serve his or her back time and the new sentence in consecutive order. *See* Act of June 19, 1911, P.L. 1055, § 10, *as amended*, 61 P.S. § 305; Act of August 6, 1941, P.L. 861, § 21.1, *as amended*, 61 P.S. § 331.21a; *Commonwealth v. Draper*, 222 Pa.Super. 26, 293 A.2d 614 (1972). The Commonwealth concedes in its brief to this Court "that under the law of Pennsylvania in effect at the time appellant was sentenced, neither a court nor the Parole Board had the power to order that a 'back time' and a 'front time' sentence be served concurrently." The Commonwealth argues, however, that the essence of the bargain can still be fulfilled in that the Parole Board is statutorily authorized "to re-parole a convicted parole violator at anytime from a 'back time sentence', so that he can then begin to serve the sentence imposed on his new conviction." [2]

■ We do not agree with the Commonwealth that such "hindsighted" relief would suffice to make an otherwise invalid plea constitutional. Instead, we believe that the appropriate remedy instantly is to provide appellant with the benefit of his bargain and, to that end, remand to the court below for the purpose of modifying appellant's sentence in accordance with this opinion.

■ While it is true that the practice of plea bargaining is looked upon with favor, *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A.2d 699 (1966), the integrity of our judicial process demands that certain safeguards be stringently adhered to so that the resultant plea as entered by a defendant and accepted by the trial court will always be one made voluntarily and knowingly, with a full understanding of the consequences

2. *See* Act of August 6, 1941, P.L. 861, § 21.1, *as amended*, 61 P.S. § 331.21a.

to follow. *Santobello v. New York,* 404 U.S. 257, 92 S. Ct. 495, 30 L.Ed.2d 427 (1971). Hence, Rule 319 of the Pennsylvania Rules of Criminal Procedure requires that before a judge accepts a plea of guilty, a full inquiry be made of the defendant on the record to determine whether "the plea is voluntarily and understandingly tendered." *See also Commonwealth v. Ingram,* 455 Pa. 198, 200, 316 A.2d 77, 80–81 (1974). *Cf.* Federal Rules of Criminal Procedure, Rule 11, and *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), wherein the United States Supreme Court held that failure to comply with Rule 11 per se vitiates a plea of guilty.[3]

■ Most pertinent to the instant appeal is the requirement that when counsel for both sides enter into a plea agreement, the terms of that agreement must be stated in open court. *See* Pa.R.Crim.P. § 319(b)(2), *amended* and *effective* March 28, 1973, 19 P.S.Appendix; *Commonwealth v. Alvarado,* 442 Pa. 516, 519, 276 A.2d 526, 528 (1971); *Commonwealth v. Wilkins,* 442 Pa. 524, 277 A.2d 341 (1971); *Commonwealth v. Barrett,* 223 Pa.Super. 163, 299 A.2d 30, 31 (1972).[4]

■ Moreover, there is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea. *Santobello v. New York, supra; Commonwealth v. Alvarado, supra; Commonwealth v. Wilkins, supra.* Our courts have demanded strict compliance with that duty in order to

---

**3.** Additionally, in *Commonwealth v. Evans,* 434 Pa. 52, 252 A.2d 689 (1969), we held that due process is violated whenever a trial judge participates in the plea bargaining.

**4.** This, of course, in no way binds the presiding judge to the terms of the agreement. *Commonwealth v. Dickerson,* 449 Pa. 70, 295 A.2d 282 (1972); *Commonwealth v. McKee,* 226 Pa.Super. 196, 202, 313 A.2d 287, 289 (1973). However, our Criminal Procedural Rules require that in the event that the judge elects to reject the terms of the plea agreement, the defendant be permitted to withdraw his plea. Pa.R.Crim.P. § 319(b)(3); *Commonwealth v. Barrett, supra.*

avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

Therefore, in Pennsylvania, it is well settled that "where a plea bargain has been entered into and is violated by the Commonwealth, the defendant is entitled, at the least, to the *benefit of the bargain." Commonwealth v. Zakrzewski,* 460 Pa. 528, 533, 333 A.2d 898, 900 (1975) (emphasis added).[5] In *Commonwealth v. Hosack,* 459 Pa. 27, 326 A.2d 352 (1974), this Court directed on remand to the trial court that four outstanding rape charges be formally nolle prossed where it was found that the prosecutor had promised, as an integral part of a plea agreement, to do so. *Id.* at 31–32, 326 A.2d at 354.

Likewise, in *Commonwealth v. Alvarado, supra,* having determined that the Commonwealth violated the terms of a plea agreement, we entered an appropriate order to rectify the failure so that appellant Alvarado would receive "the benefit of the bargain." The district attorney in that case had promised not to seek the death penalty in return for appellant's plea. The degree-of-guilt determination having ended in a conviction of murder in the first degree, we held that the district attorney's reiteration of the gruesome details of the murder at the sentencing stage of the proceedings was a clear violation of the plea agreement. 442 Pa. at 522, 276 A.2d at 529. We, therefore, entered an order modifying the appellant's sentence to life imprisonment. 442 Pa. at 523–24, 276 A.2d at 530.

 The record in the case before us today clearly reflects the existence of a plea agreement and its terms.

5. *See* discussion, *infra,* on remedies available to the courts when it is found that the Commonwealth has failed to fulfill its part of the bargain.

The presiding judge carefully went over those terms, expressing his concurrence during the plea proceedings. As it is also clear that the specific promise by the Commonwealth to join with defense counsel in a request to the Parole Board that appellant's "back time" run concurrently with the new sentence is a void promise, *see* discussion, supra, we conclude that appellant's plea was in fact not voluntarily and knowingly entered. A proper and full understanding of the consequences of his plea was essential to its validity. *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).[6]

■ Appellant quite reasonably relied upon the advice of his counsel and the expression of that specific promise stated in open court by the assistant district attorney, together with the further reiteration and explanation by the presiding judge as to the meaning and effect of the promise concerning his "back time." That the actual time appellant would be required to serve in prison before becoming eligible for parole was an important consideration in appellant's decision to plead guilty is supported by the fact that appellant turned down an earlier proposal by the prosecution of a recommended sentence of nine to twenty years. Furthermore, the fact that it was made known to the appellant on the record that such a request to the Parole Board in no way guaranteed the Board's final decision vis-a-vis the "back time" owed is of no moment. *Commonwealth v. Wilkins, supra,* 442 Pa. at 529, 277 A.2d at 343. Part of the bargain reached was that the request to the Parole Board would be made on appellant's behalf and the natural and obvious underlying inference that the Parole Board had, at the least, the *option* to accept or reject such a request thereby became an integral part of the bargain as well.

To now state that the authority vested in the Parole Board to re-parole appellant at any time from his four

6. *See also United States ex rel. Crosby v. Brierley,* 404 F.2d 790, 794 (3d Cir. 1968), and the Pennsylvania cases listed therein.

and one-half years of "back time" due (which he is now serving), so that he can then begin to serve the sentence imposed on his new conviction, misperceives the focus of the constitutional analysis required in this case. An analogous situation was presented to the Court of Appeals for the Third Circuit in 1969 and we concur in the approach adopted there. In *Berry v. United States,* 412 F.2d 189 (3d Cir. 1969), the appellant pled guilty to a violation of the federal narcotics laws prior to being advised that he would be ineligible for parole under federal statutory law, having been convicted previously on similar charges. The District Court had denied petitioner relief, finding that although he was not aware prior to the entry of his plea of his ineligibility for parole, nevertheless petitioner incurred no "prejudice."

> "The court reasoned, however, that this lack of knowledge was not prejudicial because the actual sentence imposed, even without the right to parole, was less than one-third of the maximum sentence which could have been given. Since federal prisoners must serve one-third of their sentence to be eligible for parole, the court concluded that no actual prejudice was incurred."

In reversing the District Court, the Court of Appeals quite succinctly stated the error in such a view:

> "Whether prejudice resulted from the entry of the guilty plea is not measured by the severity or leniency of the sentence imposed; *prejudice inheres when an accused pleads guilty, thus convicting himself of a criminal offense, without understanding the significance or consequences of his action.*"

*Id.* (emphasis added).[7]

---

**7.** We fully appreciate the fact that *Berry, supra,* involved a situation where an inadequate inquiry was made of the defendant at the time of the plea proceedings and also that there was an *omission* of relevant information necessary to a voluntary plea, whereas in the case before us today, appellant Zuber was *misinformed* on a point relevant to the plea bargain which resulted in his decision to plead guilty. Nevertheless, we believe that the rationale behind the *Berry* decision is applicable here.

462

Appellant Zuber asks this Court to modify his sentence on the murder conviction, reducing it to two and one-half years to fifteen years' imprisonment. By so doing, appellant will then have received "the benefit of the bargain" made with the Commonwealth and still serve a prison sentence commensurate with the term contemplated by all of the parties to the plea proceedings. We agree that a sentence modification such as that suggested by the appellant affords the most appropriate remedy.[8] *See Commonwealth v. Alvarado, supra,* 442 Pa. at 523, 276 A.2d at 529–30.[9]

Order of the Court of Common Pleas for Philadelphia County denying post-conviction relief is reversed. Judgment of sentence by the court below is modified and, as modified, affirmed.

EAGEN, ROBERTS and POMEROY, JJ., joined in a dissenting opinion.

EAGEN, ROBERTS and POMEROY, Justices (dissenting).

The bargain entered into between the Commonwealth and appellant provided only that the Commonwealth

8. The dissenting opinion's characterization of the remedy we order today as " . . . (a) reduction in the length of time he [appellant] would have to serve," is incorrect. Appellant pleaded guilty with the understanding that he would be *eligible* for parole after serving seven years of his prison sentence. Since back time owed must be served first and cannot be served concurrently with time under the new sentence, appellant in fact received a sentence under which he would not be eligible for parole until he had served eleven and one half years. Consequently, this remedy, remanding for the lower court to enter a new sentence of two and one half to fifteen years, will allow appellant to be eligible for parole after serving seven years. This remedy does not give appellant any more or less than that for which he bargained.

9. Appellant's post-conviction petition also raises an ineffective assistance of counsel claim founded upon the mistaken advice given appellant by trial counsel concerning the authority of the Parole Board to run his "back time" concurrently with any new sentence imposed on the murder charge. In view of the disposition of this case, however, we find it unnecessary to reach the merits of that issue.

would join with defense counsel in a request to the State Board of Parole to allow appellant's sentence to run concurrently with appellant's "back time" of four and one-half years. It did not *guarantee* appellant a reduction in the length of time he would have to serve. The majority's modification of the sentence, however, grants appellant such a reduction and, as a consequence, gives him more than the benefit of the bargain the majority purports to restore. In our view, the circumstances of this case entitle the appellant to no more than an opportunity to withdraw his plea. See *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Commonwealth v. Alvarado,* 442 Pa. 516, 276 A.2d 526 (1971); ABA Project on Minimum Standards for Criminal Justice, Pleas of Guilty § 1.5, Commentary (Approved Draft 1968).