J-S44008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY SENICH, | |
| Appellant | No. 1542 WDA 2013 |

Appeal from the Order Entered August 29, 2013
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0001465-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED SEPTEMBER 09, 2014**

Appellant, Timothy Senich, appeals from the August 29, 2013 order denying his Motion to Compel Specific Performance.  We affirm.

On January 6, 2010, Appellant entered a plea of guilty to criminal attempt (unlawful contact with a minor), criminal solicitation (unlawful contact with a minor), and criminal use of a communication facility.  On May 26, 2010, he was sentenced to a term of 6 – 12 months' incarceration, one term of 84 months' probation to be served concurrently to the term of incarceration, and one term of 108 months' probation to be served consecutively to the term of incarceration.  Following a revocation hearing on August 13, 2010, Appellant was sentenced to an additional term of 12 months' probation.  No direct appeal was taken from either the May 26, 2010, or the August 13, 2010, judgments of sentence.

At the time of Appellant's plea, the parties to this appeal acknowledged there was no agreement relative to Appellant's sexual offender registration requirements under 42 Pa.C.S. § 9791, *et seq.*, known as "Megan's Law." Appellant became subject to a 10 year reporting requirement due to his convictions for criminal attempt and criminal solicitation to commit unlawful contact with a minor.[1]

On December 20, 2012, Appellant became subject to the newly-effective sex offender registration requirements of 42 Pa.C.S. § 9799, *et seq.*, known as the Sex Offender Registration and Notification Act (SORNA). Pursuant to the new registration requirements, Appellant is subject to a lifetime reporting requirement due to his convictions for attempt and solicitation.[2]

On December 19, 2012, Appellant filed a motion to terminate his probation so that he would not be subject to the new requirement. The trial court denied this motion following a hearing on January 11, 2013. No direct appeal was taken from the trial court's order.

_____

[1] Pursuant to 42 Pa.C.S. § 9795.1(a)(2), a conviction of attempt, conspiracy or solicitation to commit unlawful contact with a minor triggers a requirement to register with the Pennsylvania State Police for a period of ten years.

[2] Pursuant to 42 Pa.C.S. § 9799.15(a)(3), a conviction of a Tier III sexual offense triggers a requirement to register with the Pennsylvania State Police for the life of the individual. Two or more convictions of attempt, conspiracy or solicitation to commit unlawful contact with a minor constitutes a Tier III sexual offense. 42 Pa.C.S. § 9799.14(d)(16).

Appellant then filed a Post Conviction Relief Act (PCRA) petition on March 4, 2013, alleging that SORNA "violates both the United States' and Pennsylvania's Ex Post Facto Clauses." PCRA Petition, 3/4/13, at 2. A hearing on this petition was held on April 23, 2013, and the court denied the petition on May 8, 2013.

On June 17, 2013, Appellant filed a petition seeking the reinstatement of his rights to file a direct appeal from the May 8, 2013 order denying PCRA relief. In addition, Appellant filed a motion for specific performance of his plea bargain (petitioning the court to issue an order imposing the initial 10 year registration requirement). A hearing on these motions was held on August 19, 2013, and the court denied them both on August 29, 2013. On September 25, 2013, Appellant filed a notice of appeal "from the August 29, 2013 [] Order of Court denying Defendant's Post-Sentencing Motions." Appellant also filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant now presents the following question for our review:

> Did the trial court err when it denied [Appellant's] Motion to Compel Specific Performance where the record demonstrated that the Commonwealth agreed to or consented to a period of [10] years['] registration pursuant to "Megan's Law" when it notified the [c]ourt it would not seek sexually violent predator status against [Appellant] at sentencing and where the Commonwealth is now seeking lifetime registration pursuant to SORNA?

Appellant's brief at 4.

Appellant's sole briefed argument on appeal addresses whether the trial court erred in denying his Motion to Compel Specific Performance.[3] Appellant concedes this motion constitutes a PCRA petition, stating "[a] defendant may properly raise a claim pursuant to the Post Conviction Relief Act, codified at 42 Pa.C.S.[] [§] 9541 *et seq.*, where the defendant claims his plea was unlawfully induced because the terms thereof were breached by the Commonwealth."  Appellant's brief at 9 (citing **Commonwealth v. Zuber**, 353 A.2d 441, 443 n.1 (Pa. 1976)).

Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error.  **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).  We will not disturb the PCRA court's findings unless there is no support for the findings in the certified record.  **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before we may address any of Appellant's claims, we must assess the timeliness of his petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.  **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may

_____

[3] We note that the issue of whether the trial court erred in denying Appellant's petition to reinstate his appellate rights is not before this Court, and we do not address it.

not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant was sentenced on August 13, 2010, and did not file a direct appeal from that sentence. Thus, Appellant's judgment of sentence became final 30 days thereafter, or on September 12, 2010. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). Consequently, Appellant had until September 12, 2011, to file a timely PCRA petition. He did not file the instant petition until June 17, 2013. Appellant was required to plead and prove in his PCRA petition that one of the above-stated exceptions applied to his claim(s). Appellant did not plead an exception to the PCRA time-bar in his petition, however, and so his PCRA petition was untimely filed.

Even assuming that Appellant's PCRA petition was timely filed, we would conclude his claim is belied by the record. Appellant concedes that "at the time of his plea the parties agreed that there was no agreement relative to [a] Megan's Law registration requirement and the Commonwealth would take an appropriate position once Appellant was evaluated by the Sexual Offender Assessment Board." Appellant's brief at 5. Appellant contends that his registration requirement should be limited to ten years because "[p]rior to Appellant's May 26, 2010 [] sentencing hearing the Commonwealth advised the [c]ourt i[t] was *not* seeking lifetime registration/sexually violent predator classification." *Id.* The record clearly demonstrates that a ten-year term of registration was not a term of Appellant's plea bargain. Appellant's claim relies on a discussion regarding registration that occurred

- 6 -

after Appellant's plea had been negotiated, proffered, and accepted. That discussion was not a term of Appellant's plea bargain. Accordingly, we would conclude that Appellant's claim is without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2014