J-S39010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY FELICIANO, | |
| Appellant | No. 2725 EDA 2014 |

Appeal from the PCRA Order August 19, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002321-2008

BEFORE:  BOWES, OTT AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 07, 2015**

Anthony Feliciano appeals from the August 19, 2014 order dismissing his PCRA petition as untimely.  We vacate the order since the PCRA court did not have jurisdiction to entertain the petition due to a pending appeal.

On June 10, 2009, Appellant pled guilty to one count of possession with intent to deliver.  At the time of the plea, counsel for Appellant and the Commonwealth agreed to a minimum sentence not less than the bottom of the standard range and to waive the mandatory minimum for the offense. On July 15, 2009, Appellant was sentenced to eight to twenty years imprisonment.

Appellant filed a motion for reconsideration of sentence on July 24, 2009, which was denied.  He did not file a direct appeal.  On June 25, 2010,

Appellant filed a timely *pro se* petition for PCRA relief, counsel was appointed, and counsel filed an amended petition and second amended petition on Appellant's behalf. In the latter, Appellant alleged that his guilty plea was unlawfully induced by the Commonwealth's representation that it would recommend that the sentence run concurrent to any sentence of back time he would receive for his state parole violation.

At a November 19, 2010 evidentiary hearing, Appellant testified that he was promised that the two sentences would run concurrently. He maintained that he believed the district attorney was going to write a letter on his behalf to the parole board recommending that the sentence imposed on the possession with intent charge and the back time on the parole violation run concurrently, but that he was now aware that the two cannot legally run concurrently. He asked the court to modify his sentence in accordance with **Commonwealth v. Zuber**, 353 A.2d 441 (Pa. 1976) (holding that where a plea bargain has been entered into and is violated by the Commonwealth, the defendant is entitled to the benefit of his bargain).

Appellant acknowledged to the PCRA court that at the time of the guilty plea, he had sworn under oath that no additional promises were made to him other than those presented in open court. He was also confronted with the notes of testimony from both the plea hearing and sentencing where he was advised by the court and counsel that he would have to serve parole violation time in addition to the sentence imposed on the current

offense. Finally, Appellant was shown the sentencing transcript where his counsel argued for a mitigated sentence due to the fact that Appellant would also have to serve back time on the parole violation and Appellant echoed that same argument on his own behalf. Trial counsel testified that there was no agreement as to back time and that he so advised Appellant. The PCRA court found that the guilty plea in the underlying case was not unlawfully induced and denied relief. This Court affirmed the decision of the PCRA court on June 29, 2011. **Commonwealth v. Feliciano**, 31 A.3d 758 (Pa.Super. 2011).

On January 13, 2014, Appellant filed a *pro se* motion for clarification of intended sentences in which he reiterated the same claim that the sentences were to run concurrently and asked the trial court to clarify that for the Board of Corrections. The court denied the motion on January 14, 2014, and Appellant appealed to this Court on January 29, 2014.[1]

On July 10, 2014, despite the pending appeal, Appellant filed the within petition for writ of *habeas corpus*. The trial court treated the petition as a PCRA petition and issued Rule 907 notice of intent to dismiss on July 22, 2014, due to untimeliness. Appellant filed a response on August 11, 2014, and by order of August 19, 2014, the court found that Appellant's response merely reiterated that same assertions previously raised and

---

[1] That appeal, 359 EDA 2014, is also assigned to this panel.

rejected in his first PCRA petition, *i.e.*, that the June 10, 2009 guilty plea was illegally induced. Appellant also alleged that ***Alleyne v. U.S.***, 133 S.Ct. 2151 (2013) announced a new constitutional right and that it should be retroactively applied.[2] The PCRA court denied relief and dismissed the petition as untimely on August 19, 2014. Appellant filed a notice of appeal to the Supreme Court, but it was transferred to this Court for disposition.

Appellant raises four issues for our review:

1. Did the Pennsylvania Legislature and-or court of common pleas "suspend" the writ of habeas corpus in violation Pennsylvania Constitution Article I, § 14 and U.S. Constitution Article I, § 9(2)?

2. Did the Pennsylvania Legislature and compliant trial court create/follow sentencing statutes/procedures in violation separation of powers doctrine of Pennsylvania and U.S. Constitution?

3. Did the Pennsylvania Legislature and trial court ignore the mandates and supremacy of the U.S. Constitution amendments 5, 6, 14?

4. Must the illegal sentences imposed in this case be corrected?

Appellant's brief at 5.

Although we agree with the PCRA court's conclusion that the instant *habeas* petition is an untimely PCRA, we note that Appellant filed the within petition in the trial court while this case was already on appeal to this Court.

---

[2] Appellant did not explain how ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) was implicated in a plea agreement.

The appeal of the clarification order operated to divest the trial court of jurisdiction to rule on the petition. Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). Absent jurisdiction, the order is a legal nullity.

Order vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015