J-S39008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY FELICIANO, | |
| Appellant | No. 359 EDA 2014 |

Appeal from the Order January 14, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002321-2008

BEFORE:  BOWES, OTT AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 07, 2015**

Anthony Feliciano appeals from the January 14, 2014 order denying his motion for clarification of intended sentences.  We affirm.

Appellant was charged in connection with a DEA investigation and surveillance that culminated in his arrest on April 9, 2008, while in possession of four kilograms of cocaine and $3,600 in currency.  On June 10, 2009, Appellant pled guilty pursuant to a negotiated plea to possession with intent to deliver cocaine at criminal action number 39-2321 of 2008.  The terms of the plea were stated on the record.  In exchange for the aforementioned plea, the Commonwealth agreed to "waive the mandatory minimum" and that the standard range bottom would be "the cap of the minimum sentence."  N.T., 6/10/09, at 2.  It was represented that, based on

Appellant's prior record score of five, the minimum sentence would be ninety-six months. *Id*. at 3. During the colloquy, the court verified with Appellant that he was on probation or parole when this offense was committed. *Id*. at 9. The court specifically inquired whether Appellant understood that "the State Parole Board acts independently of anything I might do, but certainly any time that you might owe them will be in addition to my sentence." *Id*. Appellant acknowledged on the record that he understood. *Id*. at 10. Appellant also denied that anyone had made him any promises regarding his sentence other than what was discussed in open court. *Id*. at 11.

At sentencing on July 16, 2009, Appellant's counsel acknowledged that the offense was committed while Appellant was on state parole. Noting that Appellant would be incarcerated for a significant period and "that there will be no double dipping of credit time" since his parole sentence would be consecutive to the sentence imposed on this conviction, counsel set forth additional factors in mitigation. N.T., 7/15/09, at 5. Appellant addressed the sentencing court and acknowledged that "by imposing here the sentence of ninety-six months, along with parole," he would be incarcerated for about ten years. *Id*. at 8. He sought leniency and asked that the "front number" be as low as possible. *Id*. at 9. The court sentenced Appellant on July 15, 2009, to eight to twenty years imprisonment and a $50,000 fine. Appellant

filed a timely motion for reconsideration of sentence on July 24, 2009, which was denied that same day. He did not file a direct appeal.

On June 25, 2010, Appellant filed a timely *pro se* petition for PCRA relief, counsel was appointed, and counsel filed an amended petition and second amended petition on Appellant's behalf. In the latter, Appellant alleged that his guilty plea was unlawfully induced by a promise of concurrency between the parole violation sentence and the sentence being imposed herein. Amended PCRA Petition at ¶9. He did not seek to withdraw his plea on this basis but instead requested that his sentence be modified pursuant to **Commonwealth v. Zuber**, 353 A.2d 441 (Pa. 1976), to enable him to receive the benefit of his plea bargain.

The PCRA court held an evidentiary hearing. Appellant testified that his understanding of the plea bargain was that the district attorney would write a letter recommending that parole back time and the new sentence would run concurrently. N.T., 11/19/10, at 19. He admitted that this agreement was not discussed on the record and maintained that he only learned that it was illegal to run the sentences concurrently several weeks later. *Id*. at 20. On cross-examination, Appellant conceded that the court set forth the terms of the plea when he entered it. While Appellant could not recall that the court advised him that his parole back time would be in addition to the sentence imposed, he acknowledged that fact at the hearing. *Id*. at 26. He was confronted with the notes of testimony from sentencing

where he and his counsel asked for a mitigated range sentence due to the fact that any sentence in this matter would be served in addition to his state parole time. *Id*. at 28-31. Trial counsel testified that the plea agreement did not involve the sentence running concurrently with the sentence on the parole violation, that the Commonwealth did not represent that it would recommend concurrency, and that he specifically discussed with Appellant the presumptive ranges for parole violations. *Id*. at 41-43. At the conclusion of the hearing, the PCRA court denied relief and this Court affirmed on appeal. *Commonwealth v. Feliciano*, 31 A.3d 758 (Pa.Super. 2011) (unpublished memorandum).

On January 13, 2014, Appellant filed a *pro se* motion for clarification of intended sentences in which he averred that he was sentenced pursuant to a negotiated plea bargain and that it was his understanding that the sentence imposed would run concurrently to prior sentences. He alleged that the Department of Corrections was incorrectly treating this sentence as consecutive to prior sentences, and he asked the court to issue an order clarifying that his July 15, 2009 sentence was to run concurrently. The trial court denied the motion.

Appellant filed the within appeal from the denial of the motion. His Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal identified a different alleged error: that the court, by failing to designate the

sentence as concurrent, had violated Pa.R.Crim.P. 704's speedy sentence rule and that discharge was appropriate.

Appellant identifies four issues for our review:

1. Did the Pennsylvania Legislature and-or court of common pleas "suspend" the writ of habeas corpus in violation Pennsylvania Constitution Article I, 4 and U.S. Constitution Article I, § 9(2)?

2. Did the Pennsylvania Legislature and compliant trial court create/follow sentencing statutes/procedures in violation separation of powers doctrine of Pennsylvania and U.S. Constitution?

3. Did the Pennsylvania Legislature and trial court ignore the mandates and supremacy of the U.S. Constitution amendments 5, 6, 14?

4. Must the illegal sentences imposed in the case be corrected?

Appellant's brief at 5.[1]

In denying Appellant's motion for clarification, the trial court simply rejected Appellant's factual premise that the sentence imposed was to run concurrently and found that the issue had been previously litigated.

---

[1] Appellant styles his brief as "Pro Se Indigent Appellant Habeas Corpus Based Brief." The reference to *habeas corpus* may stem from the fact that Appellant notes in his brief that he filed a petition for writ of *habeas corpus* on July 10, 2014, which he characterizes as "supplementing his 'Motion for Clarification of Intended Sentences.'" Appellant's brief at 7. The record reveals, however, that Appellant filed separate notices of appeal from the January 14, 2014 order denying his motion for clarification and the subsequent order of August 19, 2014, denying his petition for writ of *habeas corpus*. The appeals have been docketed at 359 EDA 2014 and 2725 EDA 2014, respectively. Appellant's brief improperly conflates the two appeals.

Appellant's Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal ignores the prior factual determination that his sentence was imposed consecutively. Although his alleged error is framed as a challenge to the legality of his consecutive sentence, it is nothing more than a rehash of his first PCRA petition arguing that his plea was involuntary.[2] We agree with the trial court that Appellant's claim herein was previously litigated, rejected, and affords no basis for relief. 42 Pa.C.S. § 9544(a) (for purposes of the PCRA, an issue is previously litigated if it has been raised and decided in a prior PCRA proceeding); 42 Pa.C.S. § 9543(a)(3) (PCRA petitioner ineligible for relief if his claim has been previously litigated).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015

---

[2] If Appellant's motion for clarification had encompassed the same argument he articulated in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, the trial court would likely have treated it as a PCRA petition and properly dismissed it as untimely.