DISSENTING OPINION BY
JUDGE COHN JUBELIRER
I respectfully dissent, although not because I disagree with the Majority’s understanding of Section 6138(a)(5) of the Prisons and Parole Code (Code), 61 Pa. C.S. § 6138(a)(5). The Majority correctly states that “once a parolee is recommitted as a convicted parole violator, the original sentence and any new sentences must be served consecutively rather than concurrently.” Kerak v. Pa. Bd. of Prob. and Parole, 153 A.3d 1134, 1138 (Pa.Cmwlth. 2016). Nor is my dissent based on a disagreement with the Majority over whether permitting Michael Kerak (Kerak) to serve his sentences concurrently with the 2001 sentence, for which he was on parole, violated the Code. Instead, I dissent because I disagree with the Majority’s approval of an executive branch agency’s authority, here, the Pennsylvania Board of Probation and Parole (Board), to ignore key provisions of an unappealed final order issued by a court. Under our constitutional system, executive branch agencies must comply with final orders of a court until a court corrects or amends that order, even if agency officials believe the order does not comply with the law.
The Majority appears to conclude that, notwithstanding a court order directing á particular sentence based on a plea agreement, the Board must follow the Code and disregard the court’s order. Kerak, according to the Majority, bears the burden to ensure that he receives the benefit of his plea agreement made with the Commonwealth by filing an action in the Court of Common Pleas of Berks County (common pleas) seeking to vacate his plea agreement and obtain a new order that reduces *1143 the length of his May 21, 2014 sentence. Id. at 1140 n.12. This remedy is consistent with prior cases. E.g., Palmer v. Pa. Bd. of Prob. and Parole, 134 A.3d 160, 166 (Pa. Cmwlth. 2016) (concluding that the proper remedy is to vacate the plea agreement that resulted in the concurrent sentences); see also Lawrence v. Pa. Dep’t of Corr., 941 A.2d 70, 73 (Pa. Cmwlth. 2007) (holding that the petitioner lacks a clear right to have the Department of Corrections provide credit when a sentencing order for a new sentence was ordered to run concurrently with Board imposed backtime).
While consistent with precedent, the Majority’s approach does injury to the separation of powers and the principle of an independent judiciary. If this Commonwealth is to maintain an independent judiciary, courts must “jealously guard[ ]” their independence. N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 60, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The Board, as an executive branch agency, lacks the authority to amend a judicial order, including the adjustment of a judicially-imposed sentence. See McCray v. Pa. Dep’t of Corr., 582 Pa. 440, 872 A.2d 1127, 1133 (2005) (holding that “[a]s part of the executive branch, the Department [of Corrections] lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions”). It is only appellate courts—not administrative officials—that may reverse or modify sentencing orders. Oakman v. Dep’t of Corr., 903 A.2d 106, 109 (Pa. Cmwlth. 2006). As Judge Pellegrini once wrote:
To allow an executive branch agency to change orders that extend or shorten the term of the sentencing order is beyond its powers. More importantly, to allow agencies not to enforce orders as written because they believe an order did not follow the law violates the litigant’s due process and lessens the effect of judicial orders by allowing agencies to play “catch me if you can” with litigants and courts.
Sturgis v. Doe, 26 A.3d 1221, 1229 (Pa. Cmwlth. 2011) (Pellegrini, J., concurring). Common pleas imposed a sentence which was not intended to violate Section 6138(a)(5) of the Code. Although the sentence does violate the Code, the Board has no authority to calculate Kerak’s maximum date using any other measurement than the sentence imposed.
This Court should follow the Pennsylvania Supreme Court’s approach to plea agreements and focus our inquiry in these cases, not on whether the executive branch agency complies with the Code, but on whether the convicted person receives the benefit of his or her bargain made with the Commonwealth.
Kerak’s May 21, 2014 sentence is based on an underlying plea agreement. “Our courts have demanded strict compliance with [plea agreements] in order to avoid any possible perversion of the plea bargaining system.” Com. v. Zuber, 466 Pa. 453, 353 A.2d 441, 444 (1976). In Zuber, the Supreme Court considered an appeal of a sentencing order entered as a result of a plea agreement. Id. at 443. The plea agreement at issue contained a promise by the Commonwealth to “join with defense. counsel in a request to the [Board] that the new sentence run [concurrently with” the appellant’s backtime imposed by the Board for violating parole. Id. at 443. On appeal, the appellant argued that he did not knowingly enter into his plea agreement because the Commonwealth’s promise was an empty one since the Code requires that a parole violator serve back-time prior to the new sentence. Id. In response, the Commonwealth conceded that neither the sentencing court nor the Board had the power to order the new *1144 sentence to be served concurrently with backtime. Id. In analyzing the question presented, the Supreme Court focused its inquiry not on the obligations of the Board to comply with the law, but on the obligations of the Commonwealth to strictly comply with the plea agreement. Id. at 444. Because the matter reached the Supreme Court by way of an appeal of a sentence, the Court reduced the appellant’s new sentence itself so that the appellant would “serve a prison sentence commensurate with the term contemplated by all of the parties to the plea proceedings.” Id at 446.
Recently, the Supreme Court relied on Zuber in Commonwealth v. Martinez, 147 A.3d 517, 532 (Pa. 2016). There, 2 petitioners pleaded guilty to sexual offenses that, pursuant to the iteration of Megan’s Law[1] in effect at that time, required the petitioners to register with the Pennsylvania State Police as sexual offenders for 10 years. Id. at 523. These petitioners entered into plea agreements based on the understanding that they would be required to register as sexual offenders for no more than 10 years. Id. at 533. A third petitioner in Martinez pleaded guilty to a crime that did not carry a registration period under the version of Megan’s Law in effect at the time of the plea agreement. Id. at 521. That petitioner’s plea agreement contained a term which contemplated that he would not be required to register as a sexual offender. Id. at 533. Years later, the relevant version of Megan’s Law was replaced by the Sex Offender Registration and Notification Act (SORNA).[2] SORNA requires the 2 petitioners to register for life and the third petitioner to register for 25 years, 42 Pa. C.S. §§ 9799.14(c)(l,3), (d)(8) and 9799.15(a)(2)-(3). All three petitioners argued that they were entitled to the bargain contained in their plea agreements and sought specific enforcement thereof.
The Supreme Court, relying on Zuber and other relevant precedent, held that all three petitioners were entitled to the bargains struck in their plea agreements. Martinez, 147 A.3d at 533. According to the Supreme Court:
[w]hen a question arises as to whether a convicted criminal is entitled to specific performance of a term of his plea agreement, the focus is not on the nature of the term ... [but on] whether an alleged term is part of the parties’ plea agreement. If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term.
Id. at 532-33 (footnote omitted). In so holding, the Supreme Court rejected the Commonwealth’s argument that the courts should consider whether the term in the plea agreement is related to a collateral consequence of a conviction. Id. at 533. The Supreme Court noted that in Zuber, the Court “did not simply conclude that [the appellant] was not entitled to the bargained-for sentence because the sentence was unenforceable. Instead, the Court examined the parties’ agreement, found that the agreement included the unenforceable sentence, and held that [the appellant] ivas entitled to that sentence.” Id. at 532 n.19 (emphasis added).
*1145 Zuber and Martinez instruct that notwithstanding statutory text, a convicted person is entitled to the bargain struck in a plea agreement once that agreement is approved by a court. I appreciate the difficult position in which this case puts the Board and the Department of Corrections. These agencies are required to both implement the Code and to faithfully comply with court orders. In Zuber, the Supreme Court was cognizant of the dilemma and avoided the conflict by modifying the sentences in such a manner so as to allow the Department of Corrections to comply with Code while at the same time, giving the appellant the benefit of his bargain. A similar approach is not possible here. This Court has no authority to adjust Kerak’s sentence and our procedural posture does not allow us to transfer the case to common pleas.
Like here, the Supreme Court in Martinez was also unable to adjust the petitioners’ sentences so that the sentences would comply with the law. Yet the Supreme Court resolved the case in a manner that put the Pennsylvania State Police in the position of not complying with SOR-NA rather than in a manner that would put the convicted persons in the position of not receiving the benefits of their bargains. The Pennsylvania Constitution demands nothing less. By entering into a plea agreement, a defendant waives his or her constitutional right to á jury trial. “No other right of the individual has been so zealously guarded over the years and so deeply embedded in our system of jurisprudence.” Martinez, 147 A.3d at 535, (Saylor, C.J., concurring) (quotation marks and citation omitted). Thus, when confronted with the Board’s duty to implement the Code, and a convicted person’s right to have a plea agreement enforced, the Board’s duty must give way. Courts of common pleas maintain their inherent power “to correct patent errors” in sentencing agreements. Com. v. Holmes, 593 Pa. 601, 933 A.2d 57, 66 (2007). If the government agency is aggrieved by the illegal sentence, it is the agency’s responsibility to seek the appropriate form of relief. Unless and until a court grants relief and modifies the sentence, the Board must comply with the sentencing order. Accordingly, I would reverse.
Judge McCullough joins in this dissenting opinion.

. 42 Pa. C.S. § 9795.1(a)(1) (expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.41).

. Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act.