J-S81014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT LEE LAIRD | : | |
| | : | |
| Appellant | : | No. 1109 MDA 2017 |

Appeal from the PCRA Order June 20, 2017
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000629-2015

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                      **FILED MAY 01, 2018**

Robert Laird appeals from the order dismissing his first petition pursuant to the Post Conviction Relief Act ("PCRA"). Additionally, Laird's court-appointed counsel, Stuart A. Cilo, Esquire, has filed a petition to withdraw. We grant counsel permission to withdraw and affirm the PCRA court's order.

On December 22, 2015, Laird pled guilty to driving under the influence of alcohol at the highest statutory category for blood alcohol content ("BAC"). This was Laird's second offense under the statute. Furthermore, he acknowledged that he had refused blood testing to determine his BAC. As a result, the crime was graded as a first-degree misdemeanor pursuant to 75 Pa.C.S.A. § 3803(b)(4).

The court imposed a sentence of time served, 90 days, to five years imprisonment. Laird did not file post-sentence motions or a direct appeal.

_____
* Retired Senior Judge assigned to the Superior Court.

On June 23, 2016, the United States Supreme Court filed its decision in ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016). This decision declared that a motorist may not be criminally punished for exercising his right to refuse a warrantless blood test. ***See id***., at 2186. We have recognized that ***Birchfield*** invalidated the enhanced penalty for refusal contained in 75 Pa.C.S.A. § 3803(b)(4). ***See***, ***e.g.***, ***Commonwealth v. Giron***, 155 A.3d 635 (Pa. Super. 2017).

On November 30, 2016, Laird filed the instant PCRA petition, asserting his sentence was illegal pursuant to ***Birchfield***. The court appointed counsel to represent Laird and subsequently held a hearing on Laird's petition. Ultimately, the court dismissed the petition, concluding that ***Birchfield*** is not applicable to cases on collateral review. This timely appeal followed.

Counsel has filed a petition to withdraw and an ***Anders*** brief.[1] Laird has filed a response to counsel's petition to withdraw. We will address the issue raised by counsel before addressing Laird's response.

---

[1] The dictates of ***Anders v. California***, 385 U.S. 738 (1967), apply only on *direct* appeal, not on *collateral* review. Counsel files an ***Anders*** brief on direct appeal when he determines the appeal is "wholly frivolous." ***Id***., at 744. When counsel seeks to withdraw from representation on collateral appeal, the dictates of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), apply and counsel files a "no-merit" letter. We, however, may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** "no-merit" letter because an ***Anders*** brief provides greater protection to a defendant. ***See***, ***e.g.***, ***Commonwealth v. Reed***, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). We will regard the ***Anders*** brief as a ***Turner***/***Finley*** letter while noting that, had this been a direct appeal, counsel's ***Anders*** brief would have been woefully deficient.

Counsel obliquely identifies a single issue that Laird wishes to pursue on appeal: the legality of his sentence. The PCRA court concluded that while **Birchfield** renders Laird's sentence illegal, it cannot be applied on collateral review pursuant to **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). This Court has subsequently adopted the PCRA court's reasoning in **Commonwealth v. Olson**, ___ A.3d ___, ___, 2018 WL 847859, *4 (Pa. Super. 2018) ("Based on the foregoing, we hold that **Birchfield** does not apply retroactively in Pennsylvania to cases pending on collateral review."). Thus, counsel is correct in finding this issue to be meritless.

In his responses to counsel's petition,[2] Laird cites to **Commonwealth v. McAdoo**, 46 A.3d 781 (Pa. Super. 2012) (holding frisk of defendant did not violate prohibition on warrantless searches), and **Commonwealth v. Zuber**, 353 A.2d 441 (Pa. 1976) (holding Commonwealth's inability to keep promise made in plea bargain rendered guilty plea involuntary). Laird does not provide any explicit argument to link these cases to his circumstances, and we cannot reconcile this leap of logic ourselves.

Thus, after our independent review, we agree with counsel's assessment that there are no meritorious issues on appeal. We therefore grant counsel permission to withdraw, and affirm the order dismissing Laird's petition.

_____

[2] The responses filed by Laird in this Court include a document entitled "Emergency Petition for the 'Writ of Habeas Corpus.'" The relief requested by this document is vacation of his "illegal" sentence and a remand for re-sentencing. We therefore do not treat this document as a separate motion.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/01/2018