J-S12029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIUS LEANDRES WALKER, JR. | : | |
| | : | |
| Appellant | : | No. 1579 MDA 2022 |

Appeal from the Order Entered October 14, 2022
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000207-2022

BEFORE:     KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:          **FILED: OCTOBER 30, 2023**

Darius Leandres Walker, Jr. (Appellant) appeals from the order entered in the Cumberland County Court of Common Pleas, denying his petition to enforce a term in his plea agreement.  Appellant maintains that under the plea agreement, his sentence was to run concurrently with the recommit-time on a parole violation that he was expecting to incur in the near future.  We conclude there was no evidence to support Appellant's claim that his plea agreement included a term that his sentence would run concurrent to a future parole-violation sentence.  Accordingly, we affirm.

The underlying facts of this case are not in dispute.  On April 9, 2021, Cumberland County Drug Task Force officers executed a search warrant at

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's home, in Mechanicsburg Borough, Cumberland County. N.T., 6/30/22, at 2. Officers found 22 grams of cocaine, a scale, and approximately $8,000, all of which indicated possession with intent to deliver[1] (PWID) cocaine. *Id.* at 3. Appellant was charged with PWID and related drug offenses.

On June 30, 2022, while he was on state parole, Appellant appeared before the trial court, with court-appointed counsel, to enter a negotiated plea in the instant matter. The Commonwealth stated the parties' terms on the record: Appellant would plead guilty to one count of PWID "in full satisfaction of the remaining counts;" the count was graded as a felony and carried a maximum term of 20 years and maximum fine of $200,000; and the Commonwealth would recommend a state sentence of 15 to 48 months. N.T. at 2. The written plea colloquy stated the terms of the plea as follows: "Count 1, [PWID], in full satisfaction; [Commonwealth] agrees to 15 to 48 SCI." Written Plea Colloquy, 6/30/22, at 1. Appellant formally entered his plea. N.T. at 4. We note that at this point in the proceedings, no mention was made that the parties' plea negotiations included any term as to the concurrent or consecutive nature of his sentence. *See id.* at 2-4.

The case then moved immediately to sentencing. Defense counsel advised the trial court that Appellant should receive sentencing credit from

---

[1] 35 P.S. § 780-113(a)(30).

February 8, 2022.  N.T. at 5.  Appellant confirmed he was serving state parole, the trial court commented, "So you'll have a hit **after** this?," and Appellant responded in the affirmative.  N.T. at 5 (emphasis added).  Defense counsel then argued,

> [Appellant] wants to ask the Court to consider running the sentence concurrent to any sentence his currently serving.  [H]e is basically on parole on another sentence, but if it ran concurrent to that —

*Id.* at 5.

The trial court first stated the instant sentence "will begin February 8th" — the date from which Appellant was entitled to sentencing credit — and the sentence will run concurrent with the **parole** he was currently serving. N.T. at 5.  However, the court explained, it could not "run" the sentence concurrent with the "parole **hit** because that hasn't happened" yet.  *Id.* at 6. (emphasis added).  The court then asked if Appellant wanted to say anything further before sentencing, and he replied, "No." *Id.*

The trial court imposed the agreed-upon sentence, 15 to 48 months, which was below the mitigated range of the sentencing guidelines.  N.T. at 6. The court also awarded credit for time served since February 8, 2022. *Id.*

Following the advisement of post-sentence rights, Appellant again addressed his sentence in terms of running concurrently, and this exchange occurred:

> [Appellant:]  The parole board is like — your sentence is like a word play thing with them, like if it's concurrent —

> THE COURT: Okay.
>
> [Appellant:] I don't know. They have all different —
>
> THE COURT: Well, they always send me letters saying, you shouldn't have done that. So I could add a sentence that says — let me add to the sentencing order:
>
> The Court's imposition of this sentence with credit from February 8, 2022, means that this sentence is running with [Appellant's] current sentence of parole from Lycoming County.
>
> Hopefully that works for them.

*Id.* at 7.

Appellant did not file a post-sentence motion nor a direct appeal. On September 22, 2022, he filed the underlying petition to enforce the terms of his plea agreement, *pro se*.[2] Appellant stated that on August 23rd — we note almost two months after the plea and sentencing — the Board of Probation and Parole found him in violation of his parole, and directed that he serve his unexpired term of 18 months, consecutively to the sentence of 15 to 48 months imposed in the instant case. Appellant then averred: (1) the negotiated plea agreement included a term that his sentence would "run concurrently with any parole back time that the PA Board of Probation and

---

[2] The trial court reviewed the merits of this petition, despite the lack of any on-the-record withdrawal by his counsel. *See Commonwealth v. Jette*, 23 A.3d 1032, 1036, 1044 (Pa. 2011) (hybrid representation in a criminal matter is not permitted, and the proper response to any *pro se* pleading is to refer the pleading to counsel, and to take no further action unless counsel forwards a motion").

Parole might subsequently impose as a result of the new conviction[;]" (2) the consecutive nature of his "parole back[-]time is inconsistent with the negotiated plea bargain;" and (3) he was entitled to resentencing consistent with his plea bargain.[3] Appellant's Petition to Enforce the Terms of His Plea Agreement, 9/22/22, at 1-2, 4 (unpaginated).

The trial court did not hold a hearing, and denied relief on October 14, 2022. Appellant filed this timely counseled appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents one issue for our review:

> Whether the Court erred in denying Appellant's *pro se* Petition to Enforce the Terms of His Plea Agreement?

Appellant's Brief at 4.

We first note the applicable standard of review: a collateral petition to enforce a plea agreement is reviewed under the contractual enforcement theory of specific performance. **Kerns**, 220 A.3d at 611-12. "Contract interpretation is a question of law, so '[o]ur standard of review over questions

---

[3] The Commonwealth filed a response, reasoning: (1) Appellant's petition should be construed and dismissed as an untimely post-sentence motion; and (2) Appellant's issue pertains to the Board of Probation and Parole, which is beyond the trial court's jurisdiction. We note both arguments are mistaken, as Pennsylvania courts have jurisdiction to consider collateral petitions to enforce a plea agreement. **See Commonwealth v. Kerns**, 220 A.3d 607, 611-12 (Pa. Super. 2019).

of law is *de novo* and to the extent necessary, the scope of our review is plenary.'" ***Id.*** at 612 (citation omitted).

This Court has explained:

Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness. . . .

***Kerns***, 220 A.3d at 612. "Whether a particular plea agreement has been breached depends on what the parties to the agreement reasonably understood to be the terms of the agreement." ***Id.*** at 613. Additionally, the terms of a negotiated plea agreement shall generally be stated on the record, in open court.[4] Pa.R.Crim.P. 590(B)(1).

On appeal, Appellant avers that in light of the trial court's statements at the time of sentencing, it was reasonable for him to believe the sentence would run concurrently with his anticipated state parole revocation sentence, which had not yet been imposed. Appellant's Brief at 11. Appellant cites the court's comments that the instant sentence "will be running while [his] parole is running," and that the "imposition of this sentence with credit from February 8, 2022, means that this sentence is running with [his] current sentence of parole from Lycoming County." ***Id.*** at 10-11, *citing* N.T. at 5, 7. Appellant

---

[4] Rule 590(B)(1) also permits the trial court to order, for good cause and with both parties' consent, "that specific conditions in the agreement be placed on the record *in camera* and the record sealed." Pa. R. Crim. P. 590(B)(1).

requests this Court vacate his sentence and remand for a new sentence that is consistent with his plea bargain. We conclude no relief is due.

First, we agree with the trial court's conclusion that the sentencing scheme contemplated by the parties included only a term of 15 to 48 months' imprisonment, with no reference to how it would run relative to another sentence.[5] **See** Trial Ct. Op., 12/9/22, at 6. While the written plea colloquy and the Commonwealth's oral statements at the plea hearing included the Commonwealth's recommended sentence of 15 to 48 months' imprisonment, there was simply no mention of how the sentence would run relative to any other sentence, current or future. **See** Pa.R.Crim.P. 590(B)(1); **Kerns**, 220 A.3d at 613; N.T. at 2; Written Plea Colloquy at 1. Instead, the first mention of a "concurrent" sentence was made after the plea was entered and the case had proceeded to sentencing, when defense counsel requested the trial court to consider ordering the sentence to run concurrently with his "parole on another sentence." **See** N.T. at 5. The trial court specified that it could not run this sentence to any anticipated parole "hit" because no such parole back-time had been imposed. **See id.** at 6.

We acknowledge the trial court's statements that the instant sentence would run concurrently with Appellant's current **parole**, as opposed to his

_____

[5] On appeal, the Commonwealth similarly argues that it "made no promises regarding how [the] State Parole [Board] would calculate Appellant's back time." **See** Commonwealth's Brief at 8.

anticipated **parole back-time**. *See* N.T. at 5, 7. To the extent Appellant argues these statements led him to reasonably believe his sentence would be concurrent with his future parole revocation sentence, we reiterate this issue was broached: (1) only after the terms of the plea agreement were stated on the record; (2) after Appellant entered his plea; and (3) in connection with his sentencing arguments. *See id.*

In light of all the foregoing, we disagree with Appellant's contention that his plea agreement included a condition that his sentence would run concurrently with any other sentence, current or future. *See Kerns*, 220 A.3d at 613 ("Whether a particular plea agreement has been breached depends on what the parties to the agreement reasonably understood to be the terms of the agreement.").

At this juncture, we briefly address Appellant's reliance on *Commonwealth v. Zuber*, 353 A.2d 441 (Pa. 1976). In that case, the defendant was on parole when he was arrested on new charges. *Id.* at 442. In the plea negotiations for the new charge, the Commonwealth agreed to recommend the sentence to run concurrently with the anticipated back-time on the defendant's parole, and the trial court accepted these terms. *Id.* at 443. However, in post-conviction proceedings, the defendant correctly pointed out the Commonwealth's promise was "false and empty[,] since the law is quite clear that a parole violator convicted and sentenced to prison for another offense **must** serve [their] back time and the new sentence in

**consecutive** order." *Id.* (emphases added), *citing* 61 P.S. § 305, *repealed by* Apr. 28, 1978 P.L. 202, No. 53, § 2(a)[955], eff. June 27, 1978. We note the same statutory rule currently appears at 61 Pa.C.S. § 6138(a)(5) ("If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court **shall** precede the commencement of the new term imposed . . . .").

On appeal, our Supreme Court held the defendant's plea was not voluntarily and knowingly entered, and he was entitled to relief, in the form of "the benefit of the bargain." *Zuber*, 353 A.2d at 444-46. The Court thus granted the defendant's request to reduce his sentence such that he would serve the "prison sentence commensurate with the term contemplated by all of the parties to the plea proceedings." *Id.* at 446. We conclude *Zuber* is distinguishable, on the ground that here, there was no agreement that Appellant's sentence would run concurrently with his anticipated parole back-time. Accordingly, no relief is due.

For the foregoing reasons, we affirm the order of the trial court denying Appellant's motion for enforcement of his plea agreement.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/30/2023</u>