J-S15026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
          v.                  :
                              :
                              :
                              :
CHARLES JORDAN, III           :
                              :
          Appellant           :   No. 1396 WDA 2019

Appeal from the PCRA Order Entered August 13, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003263-2016

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 14, 2020**

Appellant, Charles Jordan, III, appeals from the August 13, 2019 order[1]

denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history as follows:

> On February 27, 2017, [Appellant] entered negotiated guilty pleas
> to one count each of manufacture, delivery, or possession with
> intent to manufacture or deliver a controlled substance ["PWID"],
> illegal possession by a person not to possess firearms, and
> receiving stolen property.[2]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The order was executed on August 12, 2019, but not entered on the docket
until August 13, 2019.  The caption has been corrected to reflect the date the
order was entered.
[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 6105(a)(1) and 3925(a),
respectively.

[Appellant] was sentenced on April 13, 2017[,] to an aggregate period of 8 to 16 years of incarceration. [On April 17, 2017, Appellant filed a motion for post-sentence relief that the trial court subsequently denied on May 5, 2017. Appellant] filed [*pro se*] a notice of appeal on [June 2, 2017[3]], and on March 27, 2018, the Pennsylvania Superior Court affirmed the [judgment] of sentence.[4] [***Commonwealth v. Jordan***, 2018 WL 1476720 (Pa. Super. March 27, 2018) (unpublished memorandum).]

Among the issues [Appellant] raised on direct appeal was whether [Appellant] had entered a knowing, voluntary and intelligent guilty plea. The Superior Court determined [Appellant] had waived the issue, and absent waiver, the issue was meritless based upon review of [Appellant's] written and oral plea colloquies.[] [Appellant] also raised on direct appeal the issues of the legality of sentence and the discretionary aspects of sentence for imposition of consecutive rather than concurrent sentences for [PWID] and persons not to possess firearms.[5] After careful review, the Superior Court determined [Appellant's] sentence was legal, the challenges to the discretionary aspects of [Appellant's] sentence were meritless, and it affirmed the [judgment] of sentence.[]

Petitioner filed a *pro se* [PCRA petition] on April 1, 2019.

---

[3] The record demonstrates Appellant's *pro se* notice of appeal was not docketed until June 8, 2017. However, a review of this notice of appeal reveals it was dated June 2, 2017, and Appellant certified he deposited the same with prison authorities on June 2, 2017. Therefore, we deem Appellant's notice of appeal filed on June 2, 2017, pursuant to the prisoner mailbox rule. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (stating, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities").

[4] We note that Nicole D. Sloane, Esq. represented Appellant at the time he entered his guilty plea and at his subsequent sentencing. On direct appeal, Appellant was represented by Jessica A. Fiscus, Esq.

[5] For purposes of sentencing, Appellant's sentence for receiving stolen property, 18 to 36 months' incarceration with 6 days credit for time served, was concurrent to the sentence imposed for PWID.

> PCRA counsel was appointed. By correspondence on April 24, 2019, PCRA counsel noted that [Appellant], in the *pro se* PCRA [petition], had requested stand-by counsel. A ***Grazier***[6] hearing was held on May 29, 2019[,] to clarify [Appellant's] intentions. At the hearing, [Appellant] declared he wanted PCRA counsel to continue to represent his interests.
>
> On June 27, 2019[,] PCRA counsel filed a supplemental PCRA [petition].

PCRA Court Notice to Dismiss, 7/11/19, at 1-2 (original footnotes and extraneous capitalization omitted).

On July 11, 2019, the PCRA court provided notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Appellant's PCRA petition without a hearing for failure to state a claim upon which relief may be granted. Appellant did not file a response. On August 13, 2019, the PCRA court denied Appellant's PCRA petition. This appeal followed.[7]

Appellant raises the following issue for our review:

---

[6] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[7] The record demonstrates that counsel for Appellant filed a timely notice of appeal on September 10, 2019, perfecting Appellant's appellate rights. Pursuant to the prisoner mailbox rule, Appellant filed a *pro se* notice of appeal on September 11, 2019. The *pro se* notice of appeal was timestamped and entered on the docket on September 13, 2019, and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4). As Appellant's appeal was already perfected, no further action was taken or necessary with regard to Appellant's *pro se* notice of appeal.

On September 17, 2019, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant timely complied. The PCRA court subsequently filed its Rule 1925(a) opinion relying on the rationale set forth in its notice of intent to dismiss Appellant's PCRA petition.

Whether the [PCRA c]ourt committed legal error and abused its discretion in failing to grant PCRA relief in the nature of the provision of leave to withdraw the guilty pleas predicated on instances of ineffective assistance of counsel relating to misinformation about the terms of the plea agreement; the modification of the terms of the plea agreement departing from the terms as understood by [Appellant]; and the sentencing exposure and other consequences of the pleas as constituted?

Appellant's Brief at 2.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. **Commonwealth v. Steele**, 961 A.2d 786, 796 (Pa. 2008).

- 4 -

*Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa. Super. 2013), *appeal denied*, 74 A.3d 1030 (Pa. 2013). "The failure to satisfy any one of the prongs requires rejection of the petitioner's claim." *Commonwealth v. Williams*, 141 A.3d 440, 454 (Pa. 2016) (citation omitted). "[T]he law presumes that counsel was effective and the burden of proving that this presumption is false rests with the petitioner." *Commonwealth v. Cox*, 983 A.3d 666, 678 (Pa. 2009) (citation omitted). "Whether prejudice resulted from the entry of the guilty plea is not measured by the severity or leniency of the sentence imposed; prejudice inheres when an accused pleads guilty, thus convicting himself of a criminal offense, without understanding the significance or consequences of his action." *Commonwealth v. Zuber*, 353 A.2d 441, 445 (Pa. 1976) (citation, original quotation marks, and emphasis omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Hickman*, 799 A.2d at 141 (citation omitted). "Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (citation omitted). The totality of the circumstances surrounding a guilty plea must be examined to determine if the guilty plea was entered voluntarily, knowingly, and intelligently. *Commonwealth v. Allen*, 732 A.2d 582, 589 (Pa. 1999).

Here, Appellant argues that plea counsel was ineffective for misrepresenting the plea agreement to him and for providing erroneous advice regarding the impact Appellant's guilty plea to illegal possession of firearms would have on his sentence. Appellant's Brief at 5-12. Specifically, Appellant alleges plea counsel misled him to believe that the plea agreement required him to plead guilty to only PWID. *Id.* at 6-7. Appellant contends that at the plea hearing, he was "blindsided" by the Commonwealth's statement that pursuant to the plea agreement Appellant would plead guilty not only to PWID but also to the illegal possession of firearms and receiving stolen property charges, as well as forfeit monies seized and a bulletproof vest. *Id.* at 7. Appellant avers that when he asked plea counsel at the plea hearing about the Commonwealth's description of the plea agreement, he was told, "the forfeitures and inclusion of the firearms charge were mere formalities for [Appellant] to plead guilty and would not have any impact [on his sentence.]" *Id.* Appellant alleges that, but for plea counsel's misrepresentation of the plea agreement and erroneous advice as to the impact the charges would have on the imposition of consecutive sentences, he would not have accepted the plea agreement. *Id.* at 9.

The PCRA court, in dismissing Appellant's petition without a hearing, held that Appellant's claim was previously litigated and, as a result, Appellant was not eligible for relief under the PCRA. PCRA Court Notice to Dismiss, 7/11/19, at 2. The PCRA court held, "[the Superior Court] previously addressed the issues of the voluntary, intelligent and knowing nature of

[Appellant's] plea and determined the claims surrounding the pleas were meritless." *Id.* at 3.

In order to be eligible for relief under the PCRA, Section 9543 requires Appellant to plead and prove by a preponderance of the evidence, *inter alia*, that his sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place" and that the allegation of error had not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a), (a)(2)(ii), and (a)(3). An issue has been previously litigated, for purposes of Section 9543, if, *inter alia*, "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" *Id.* at § 9544(a)(2).

Here, a prior panel of this Court held that Appellant waived the claim that his guilty plea was not knowing, voluntary, and intelligent because he "failed to challenge the validity of his plea before the trial court in open court or in a post-sentence motion." *Jordan*, 2018 WL 1476720, at *2. The prior panel of this Court held, in the alternative, that absent waiver, a review of Appellant's written and oral plea colloquies refuted his claim of an unknowing, involuntary, and unintelligent plea. *Id.*

In the instant petition and appeal, Appellant raises a claim of ineffective assistance of plea counsel, albeit a claim arguing that plea counsel's ineffectiveness induced the underlying claim that Appellant's guilty plea was unknowing, involuntary, and unintelligent. While the prior panel of this Court

did address Appellant's underlying claim of an unknowing, involuntary, and unintelligent plea, the Court did not, nor could it, address a claim of ineffective assistance of plea counsel. ***Commonwealth v. Holmes***, 79 A.3d 562, 566 (Pa. 2013) (stating, "claims of ineffective assistance of counsel will not be entertained on direct appeal"). Therefore, this claim has not been previously litigated as defined by Section 9544(a)(2). ***Commonwealth v. Tedford***, 960 A.2d 1, 14 (Pa. 2008) (stating, "while an ineffectiveness claim may fail for the same reasons that the underlying claim faltered on direct review, the Sixth Amendment basis for ineffectiveness claims technically creates a separate issue for review under the PCRA" (citation and original quotation marks omitted)).

A claim of ineffective assistance of plea counsel succeeds only where a PCRA petitioner raises an underlying substantive claim of arguable merit. ***Commonwealth v. Watson***, 835 A.2d 786, 795 (Pa. Super. 2003) (requiring, *inter alia*, underlying claim to be of arguable merit to overcome presumption of competence). "Counsel will not be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006). Because it is obvious based upon a review of Appellant's PCRA petition and the record that his ineffectiveness claim is without arguable merit, we do not need to remand the instant case for further analysis by the PCRA court. ***Tedford***, 960 A.2d at 14 (holding remand for further analysis by PCRA court unnecessary when claim is obviously deficient).

In his PCRA petition, Appellant alleges that plea counsel "coerced and induced him to sign the plea agreement as offered at the plea hearing." Appellant's Supplemental PCRA Petition, 6/27/19, at 2. A review of the plea hearing transcript belies this allegation. At the plea hearing, Appellant understood, *inter alia*, that the trial court was not bound to accept the terms of any plea bargain and that Appellant had ten days from the date of sentencing to file a post-sentence motion challenging his guilty plea. N.T., 2/27/17, at 4-7. Appellant understood the charges to which he was pleading guilty, including the charge of illegal possession of a firearm. *Id.* at 7, 10. Appellant also understood the potential maximum sentence that could be imposed on each charge was ten years' incarceration, and the total aggregate maximum sentence that could be imposed if all sentences were to run consecutively was thirty year's incarceration. *Id.* at 8. When asked how Appellant pleaded with regard to the illegal possession of firearms charge, appellant responded, "Guilty." *Id.* at 10. Appellant reviewed the plea agreement in writing, including the fact that he was pleading guilty to illegal possession of firearms, and signed the written colloquy to indicate that he understood and agreed with his guilty plea. *Id.* at 11-12. In signing the written colloquy, Appellant agreed that he was entering his guilty plea without any pressure or promise that was not reflected in the written colloquy. Defendant's Statement of Understanding of Rights prior to Guilty/No Contest Plea, 2/27/17. At no time during the plea hearing did Appellant raise an issue challenging the terms of the plea agreement, as stated by the Commonwealth

in open court or as documented in his written colloquy, as being different from what he understood the terms to be based upon information provided by plea counsel.[8] N.T., 2/27/17, at 5-12. Appellant failed to cite any record evidence demonstrating that plea counsel made any false statements to Appellant at the plea hearing, that his understanding of the plea agreement was any different than the offer stated on the record by the Commonwealth or documented in his written colloquy and to which Appellant agreed, or that the plea agreement called for the sentences to run concurrently. *Id.* at 6-12. In fact, the only substantive statement plea counsel made with regard to the plea agreement on the record was, "Just for the record, Your Honor, [the attorney for the Commonwealth] was the prosecutor in this case and he was kind enough to reduce the amount of cocaine, and that's why the offense gravity score has been reduced from an offense gravity score of eleven to ten. This was part of a generous plea bargain that [the Commonwealth] negotiated." *Id.* at 8.

At the time of sentencing, Appellant was again informed, *inter alia*, that he had the right to file a post-sentence motion challenging his guilty plea within ten days of sentencing and he signed a written statement that he understood those rights. N.T., 4/13/17, at 2, 4. A review of the record demonstrates that Appellant failed to raise, by way of his post-sentence

---

[8] In his *pro se* PCRA petition, Appellant states, "[t]his not being [Appellant's] first guilty plea hearing[,] he is somewhat familiar with his participation and its proceedings." Appellant's *Pro Se* PCRA Petition, 4/1/19, at 3.

motion, the claim that his guilty plea was unknowing, involuntary, and unintelligent because of plea counsel's misrepresentation or erroneous advice.[9] *See* Appellant's Motion for Post-Sentence Relief, 4/17/17, at unnumbered pages 1-2.

A review of Appellant's *pro se* PCRA petition and counseled supplemental PCRA petition reveals that while Appellant may have harbored a different subjective impression of the terms of the plea agreement, he made no effort at the time he entered his plea, prior to sentencing, or in a post-sentence motion to assert that the plea agreement differed from what was placed on the record at the plea hearing. Appellant is bound by the statements he made in open court, under oath, at the time he entered his guilty plea, and he cannot assert later that he lied while under oath, even if he avers that counsel induced the lies. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). As such, Appellant's PCRA petition failed to raise a genuine issue of material fact, and the PCRA court was not required to hold an evidentiary hearing. Pa.R.Crim.P. 907(2). Based upon the record before us, we hold that Appellant's claim of ineffective assistance of plea counsel failed to assert an underlying claim of arguable merit. Consequently, the PCRA court did not err in denying Appellant's petition.

Order affirmed.

_____

[9] Although the post-sentence motion was filed by plea counsel, a review of the record demonstrates that Appellant is well-versed in filing his own *pro se* documents setting forth his issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/14/2020