J-S15016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALAN TROY HOUSER | : | |
| | : | |
| Appellant | : | No. 1122 WDA 2019 |

Appeal from the PCRA Order Entered July 3, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0004317-2014

BEFORE: BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 28, 2020**

Appellant, Alan Troy Houser, appeals from the July 3, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the factual and procedural history as follows:

> The instant case arises out of an investigation of [Appellant] for attempting to coerce a witness not to testify during at least one three-way call with [Appellant] and another individual while he was incarcerated at the Westmoreland County Prison. As a result, [Appellant] was charged on September 1, 2014, with [criminal] conspiracy to hinder apprehension or prosecution by destroying evidence or tampering with a witness, in violation of 18 Pa.C.S.A. § 903[,] and hindering apprehension or prosecution by [concealing or] destroying evidence or tampering with a witness, in violation of 18 Pa.C.S.A. § 5105(a)(3). A preliminary hearing was scheduled before Magisterial District Judge Frank J. Pallone, Jr. on September 25, 2014, and all charges were waived for court.

---

[*] Former Justice specially assigned to the Superior Court.

On June 2, 2015, [Appellant], represented by []Emily Smarto, [Esq. ("Attorney Smarto")] proceeded to a jury trial before [the trial] court. Prior to the trial beginning, [Appellant] entered a general guilty plea to the above-referenced charges, and sentencing was deferred pending a pre-sentence investigation [report]. On August 28, 2015, [Appellant] was sentenced as follows: At count one, [Appellant] was sentenced to 21 to 42 months['] incarceration. At count two, [Appellant] was sentenced to 21 to 42 months['] incarceration consecutive to count one. This sentence was also to run consecutively to the sentence imposed at case number 3802 C 2013.[1]

On []May 9, 2016, [Appellant] filed a timely (1) *pro se* [PCRA petition] *via* a form petition and (2) [*pro se*] petition to request an evidentiary hearing raising additional issues. []Brian Aston[, Esq. ("Attorney Aston")] was appointed to represent [Appellant]. On []July 28, 2016, Attorney Aston filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) addressing the issue(s) raised in the [PCRA] petition. [On August 31, 2016, Appellant filed *pro se* a response in opposition to Attorney Aston's no-merit letter.] On April [17], 2017, [the PCRA] court ordered Attorney Aston to file a supplemental **Turner-Finley** no-merit letter addressing the additional issues that [Appellant] raised in his [*pro se*] petition to request an evidentiary hearing. On April 26, 2017, Attorney Aston filed a supplemental **Turner-Finley** no-merit letter. [On May 8, 2017, Appellant filed *pro se* a response to Attorney Aston's supplemental no-merit letter.] The [PCRA] court issued a notice of intent to dismiss[, pursuant to Pa.R.Crim.P. 907,] on May 9, 2017[,] wherein [Appellant] was directed to file a written response to the defects enumerated in that notice. On []May 18, 2017, [Appellant] filed a [*pro se*] response to the [PCRA] court's notice of intent to dismiss, and the [PCRA] court scheduled an evidentiary hearing to address [Appellant's] response. On []November 30, 2017, Attorney Aston was permitted to withdraw as PCRA counsel, and [Appellant] was informed that he could retain private counsel or proceed *pro se*. [Appellant] elected to proceed *pro se*. On September 20, 2018, an evidentiary hearing was conducted before [the PCRA] court. During the hearing,

_____

[1] The record indicates Appellant was sentenced to 11 to 22 years' incarceration after a jury convicted him of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1), at docket number 3802 C 2013.

Attorney Smarto, who is licensed to practice law in the Commonwealth of Pennsylvania, testified relative to her representation of [Appellant].

When questioned by [Appellant] on direct-examination regarding the issue of [whether] a plea of guilty [was] unlawfully induced, Attorney Smarto testified to the following:

> I can tell you point blank that I have never told any defendant, and I can try to recollect our conversation at that time, but I can tell you as a course of practice over 28 years, I have never told a client to expect getting, a concurrent sentence on a general plea. That's clear. You can never tell a client what the judge is going to do.

(N.T.[, 8/20/18,] at 54).

Further, Attorney Smarto testified:

> ... I indicated to you [(Appellant)] that I believed the judge understood that you were taking this plea to benefit your sister in some way. But you were taking the plea knowing full well you were doing it knowing what was involved, what kind of time you were facing. You were fully advised of the parameters of the plea, and you accepted it, and you did a general plea.

([*Id.*] at 55).

At the conclusion of the hearing, the [PCRA] court ordered the parties to submit briefs in support of their respective positions. In [Appellant's *pro se*] brief in support of evidentiary hearing, [Appellant] alleges that Attorney Smarto was ineffective for the following reasons:

1. Failing to investigate the Westmoreland County Prison's procedure for releasing inmate telephone records;

2. Failing to investigate the chain of custody in obtaining the telephone records;

3. Failing to investigate the lawful obtaining of the telephone records;

4. Failing to file timely pre-trial motions;

5. Failing to raise an issue [of] prosecutorial misconduct by Assistant District Attorney Peter Glenn Flanigan; and

- 3 -

6. Unlawful inducement during plea consideration.

PCRA Court Opinion, 7/3/19, at 1-2 (extraneous capitalization, footnote, and some record citations omitted). The Commonwealth filed a response on June 11, 2019. On July 3, 2019, the PCRA court dismissed Appellant's PCRA petition. This appeal followed.[2]

Appellant raises fourteen issues in his *pro se* statement of questions presented. Appellant's Brief at 4-6. Appellant's claims, when reduced to their essence, center entirely upon claims of ineffective assistance of trial counsel, ineffective assistance of plea counsel, and PCRA court error in denying his PCRA petition, his petition for *in forma pauperis* status, and his motion for disclosure of information. **See generally id.** at 4-6 and 18-60. We find Appellant's twelfth issue, which can be summarized as a claim of ineffective assistance of plea counsel for unlawfully inducing Appellant to plead guilty, to be dispositive of this case. **Id.** at 5 and 46-48; **see also Commonwealth v. Lynch**, 820 A.2d 728, 731 (Pa. Super. 2003) (holding, claim of unlawfully induced guilty plea will be reviewed as ineffective assistance of counsel claim), *appeal denied*, 835 A.2d 709 (Pa. 2003).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**,

_____

[2] On July 29, 2019, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant timely complied. The PCRA court subsequently filed its Rule 1925(a) opinion.

102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

> To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. **Commonwealth v. Steele**, 961 A.2d 786, 796 (Pa. 2008).

**Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013), *appeal denied*, 74 A.3d 1030 (Pa. 2013). "The failure to satisfy any one of the prongs requires rejection of the petitioner's claim." **Commonwealth v. Williams**, 141 A.3d 440, 454 (Pa. 2016) (citation omitted). "[T]he law presumes that counsel was effective and the burden of proving that this presumption is false rests with the petitioner." **Commonwealth v. Cox**, 983 A.3d 666, 678 (Pa. 2009) (citation omitted). "Whether prejudice resulted from the entry of the guilty plea is not measured by the severity or leniency of the sentence

imposed; prejudice inheres when an accused pleads guilty, thus convicting himself of a criminal offense, without understanding the significance or consequences of his action." **Commonwealth v. Zuber**, 353 A.2d 441, 445 (Pa. 1976) (citation, original quotation marks, and emphasis omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Hickman**, 799 A.2d at 141 (citation omitted). "Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." **Commonwealth v. Willis**, 68 A.3d 997, 1002 (Pa. Super. 2013) (citation omitted). The totality of the circumstances surrounding a guilty plea must be examined to determine if the guilty plea was entered voluntarily, knowingly, and intelligently. **Commonwealth v. Allen**, 732 A.2d 582, 589 (Pa. 1999).

Here, Appellant argues that Attorney Smarto was ineffective for misrepresenting, as part of his plea agreement, that he would receive concurrent sentences if he pleaded guilty. Appellant's Brief at 47. Appellant contends that Attorney Smarto advised him "that the only way he would receive a concurrent sentence was to put it in the judge[']s hands" and plead guilty. **Id.** Appellant avers that Attorney Smarto's "proposal gave [him] the 'reason to believe' he would receive the demanded concurrent sentences" and, but for receiving concurrent sentences, he would have gone to trial. **Id.** at 48.

After an evidentiary hearing, the PCRA court, finding Appellant's claim was without merit, stated,

> the [PCRA] court finds that [Attorney Smarto] completed and reviewed a guilty plea petition with [Appellant]. Through the guilty plea petition, [Appellant] indicated that he was not required to plead guilty to anything and had the absolute right to go to trial - and he was in fact in the process of picking a jury. [The sentencing] court also conducted a verbal colloquy on the record to ensure that [Appellant's] general plea was entered knowingly, intelligently, and voluntarily. Nothing in the record or in [Appellant's] submission demonstrated anything to the contrary.
>
> During the guilty plea hearing, [Appellant] testified that he was pleading guilty and he explicitly acknowledged that there was no agreement in this matter and his sentence would be decided by the [sentencing] court. When asked whether any promises or threats were made in exchange for his guilty plea, [Appellant] responded negatively. When asked why he was pleading guilty, [Appellant] replied that he did so because it was in his best interest to do so. Further, [Appellant] indicated that he was satisfied by [Attorney Smarto's] representation of him. During the September 20, 2018 evidentiary hearing, Attorney Smarto testified that she has never told a client to expect to get a concurrent sentence on a general plea. The [PCRA] court finds the testimony of Attorney Smarto at the September 20, 2018[] evidentiary hearing to be credible and consistent with prior testimony. As [Appellant] entered a knowing, intelligent, and voluntary general plea, it was within [the sentencing] court's discretion to render a [consecutive] sentence. [Appellant's] own testimony revealed that he was fully aware that by entering a general plea, the [sentencing] court had discretion to impose a [consecutive] sentence.

PCRA Court Opinion, 7/3/19, at 6-7 (extraneous capitalization and record citations omitted).

The record demonstrates that in signing his written guilty plea petition, Appellant agreed the sentencing court would decide what sentence to impose

and that his sentences could run consecutively. Appellant's Guilty Plea Petition, 6/2/15, at 2-3. Appellant understood the plea agreement called for Appellant to enter a general plea of guilty. *Id.* at 3. During plea discussions, Attorney Smarto stated, "And just to be clear, [Appellant] entering his general plea, he was very clear with me that he was concerned that his sister would not be confined[.[3]]" N.T., 6/2/15, at 103. In announcing the plea agreement, the Commonwealth stated, "the Commonwealth has agreed to recommend that any sentence imposed against [Appellant's sister] is a non-confinement sentence, and that's also a motivating factor in [Appellant's] decision to plead [guilty] as well, although there's no other agreement in any other respects relative to either party." *Id.* at 108.

During Appellant's oral plea colloquy, Appellant agreed, "there [was] no agreement that [his] attorney [was] able to reach with the Commonwealth that [he was] willing to accept as far as sentencing." *Id.* at 114. Appellant understood the sentencing court would decide his sentence, and he answered in the negative when asked if any threats or promises were made in exchange for his guilty plea. *Id.* At the conclusion of the oral colloquy, when asked if Appellant had any questions for the sentencing court or his attorney, Attorney

---

[3] Appellant's sister, Bridget Houser, was charged with criminal conspiracy to hinder apprehension or prosecution by destroying evidence or tampering with a witness and hindering apprehension or prosecution by concealing or destroying evidence or tampering with a witness at trial court docket number 4325 C 2014. 18 Pa.C.S.A. §§ 903 and 5105(a)(3), respectively.

Smarto answered that the only question Appellant posed to her was a request that he remain at the county correctional facility until sentencing. *Id.* at 115.

Prior to sentencing, the Commonwealth, in providing its recommendation on sentencing, stated, "[t]he Commonwealth from day one has always offered these charges consecutive[.]" N.T., 8/28/15, at 3 and 9. Attorney Smarto, in requesting leniency in sentencing, asked that the sentences be imposed concurrently. *Id.* at 11. Before the sentencing court imposed its sentence, Appellant was asked if he had anything he wished to say, to which he replied, "No." *Id.*

At his PCRA evidentiary hearing, Appellant asserted that his understanding of the plea agreement, based upon alleged conversations with Attorney Smarto prior to his pleading guilty, was that the sentencing court was "going to **most likely** run [his] sentence[s] concurrent" because he was pleading guilty to reduce his sister's sentence. N.T., 11/30/17, at 14 (emphasis added). Appellant alleged that Attorney Smarto "[b]asically guarantee[d]" that the sentences were going to run concurrently. *Id.* Appellant later admitted that Attorney Smarto did not guarantee concurrent sentences. N.T., 3/19/18, at 23. Attorney Smarto stated that in over 28 years of practice she never promised a defendant that he would get a concurrent sentence upon entering a general guilty plea. N.T., 9/20/18, at 54.

While Appellant hoped the sentencing court would be lenient towards him and would impose concurrent sentences because he was pleading guilty in order to help reduce his sister's sentence, Appellant acknowledged, and the

record supports, that Attorney Smarto did not guarantee him concurrent sentences. Appellant made no effort at the time he entered his guilty plea or prior to sentencing to assert that Attorney Smarto promised him concurrent sentences as an inducement to pleading guilty. Appellant is bound by the statements he made in open court, under oath, at the time he entered his guilty plea, and he cannot assert later that he lied under oath, even if he avers that counsel induced the lies. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003).

Based upon the record before us, Appellant failed to demonstrate that Attorney Smarto induced his guilty plea with false promises of a concurrent sentence or that his guilty plea was not knowing, intelligent, and voluntary. Therefore, we concur with the PCRA court that Appellant's ineffectiveness claim was without merit.

"A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses. When a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007), *citing Commonwealth v. Montgomery*, 401 A.2d 319 (Pa. 1979). As a result of Appellant entering a knowing, intelligent, and voluntary guilty plea, he waived his remaining issues.[4]

_____

[4] In his sixth issue, Appellant claims the PCRA court erred in failing to grant his *in forma pauperis* petition and his motion to disclose. Appellant's Brief at

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2020

---

35-36. As noted by the PCRA court, it is unclear what motion to disclose Appellant references, however, a review of Appellant's Brief, handwritten with exceptional penmanship, reveals that Appellant claims the PCRA court allegedly failed to grant him *in forma pauperis* status, thereby, hindering his ability to present claims at the PCRA evidentiary hearing. ***Id.***; ***see also*** PCRA Court Opinion, 8/28/19, at 2. Specifically, Appellant alleges that without *in forma pauperis* status he was unable to subpoena parties to testify at the PCRA evidentiary hearing. Appellant's Brief at 35. A review of the record demonstrates that the PCRA court ordered Attorney Smarto and Appellant's sister's attorney, Patricia Elliot, Esq., the parties Appellant sought to subpoena, to appear at the PCRA evidentiary hearing in order to avoid the necessity to subpoena witnesses. PCRA Court Order, 3/19/18. Therefore, we find Appellant's issue to be moot.