J-A26043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID ANDREWS | : | |
| | : | |
| Appellant | : | No. 3452 EDA 2019 |

Appeal from the PCRA Order Entered October 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003062-2015

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:             **FILED DECEMBER 18, 2020**

Appellant, David Andrews, appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. §§ 9541-9546, as untimely.

Herein, Appellant contends the court erred in failing to grant his petition seeking specific performance of his negotiated guilty plea, which called for his sentence on one count of robbery to run concurrently to a sentence of back time he was serving for violating parole in his prior cases.  The Commonwealth agrees Appellant is entitled to receive the benefits of his negotiated sentence notwithstanding the fact it was one which the law did not permit.  After careful review and consideration of controlling precedent, we vacate and remand.

_____

[*] Former Justice specially assigned to the Superior Court.

On March 6, 2015, while on parole, Appellant entered a Philadelphia clothing store keeping his hand in his coat pocket as if he held a gun and demanded all the money from the register and in the employees' possession. Appellant secured $572 cash and fled from the store, only to be arrested moments later by police.

Charged with robbery, receiving stolen property, terroristic threats with intent to terrorize another, simple assault, and recklessly endangering another person, Appellant entered a negotiated guilty plea whereby, in exchange for his plea to robbery, his remaining charges would be *nolle prossed* and he would receive a two and one-half to five-year prison sentence, followed by three years' probation, to run concurrently with any back time sentence imposed in his upcoming parole violation hearing. On June 10, 2015, the court accepted the plea and imposed the agreed-upon sentence:

> **THE COURT**: It's 2 and a half to 5 years state time and 3 years reporting probation is concurrent.
>
> **THE COMMONWEALTH:** Yes, Your Honor. By agreement, it is to run concurrent with back time. That's what we placed.
>
> **THE COURT:** That's right, I saw that. Does your client understand that?
>
> **APPELLANT:** Yes, Your Honor, running concurrent with my back time.

N.T., 6/10/15, at 7. The sentencing order provides, "Sentence to Run Concurrent to Back Time." Sentencing Order, 6/10/15. Appellant filed no post-sentence motion or direct appeal.

- 2 -

On November 2, 2015, the court presided over Appellant's revocation hearing, found him in violation of his parole in his prior cases, and sentenced him to serve back time. On November 13, 2015, the Department of Corrections ("DOC") recalculated Appellant's sentence on those cases, arriving at a new maximum date of October 3, 2020. After crediting Appellant's back time sentence with pre-trial incarceration time served from time March 31, 2015 to June 10, 2015, the DOC calculated Appellant's new earliest re-parole date as July 18, 2017. It was on this date that Appellant was re-paroled.

Despite the trial court's order calling for the present robbery sentence to run concurrently with the back time sentence, the DOC calculated it to run consecutively in conformance with the 61 Pa.C.S. § 6138(a)(5)(i) (state parolee convicted of new crime and deemed parole violator shall serve back time of state parole sentence before serving new state sentence imposed). Therefore, the DOC commenced the running of Appellant's present sentence on July 19, 2017. After giving Appellant time credits from his arrest date of March 7, 2015 to March 30, 2015, and June 11, 2015 to September 27, 2015, the DOC set Appellant's minimum sentence date at September 7, 2019 and maximum sentence date of March 7, 2022.

On November 13, 2017, Appellant filed the present PCRA petition asserting that it was not until August of 2017 that he first learned his present sentence was run consecutively to his back time, in contravention of his negotiated guilty plea. Seeking enforcement of the negotiated plea terms, he

- 3 -

asked the court to vacate the present sentence and impose a new sentence reflecting the intent of all parties agreeing to and accepting his guilty plea.

The Court appointed counsel, who filed an amended petition claiming Appellant's patently untimely petition for relief nevertheless qualified for review under both the governmental interference and newly discovered fact exceptions to the PCRA time-bar. In response, the Commonwealth filed a brief positing that Appellant was entitled to an evidentiary hearing to determine the cognizabilty of his claim, which appeared to be outside the aegis of the PCRA and, thus, not subject to its time restrictions.

On October 2, 2019, the PCRA court issued its notice of intent to dismiss Appellant's petition pursuant to Pa.R.A.P. 907. Appellant filed a response asserting his claim should not be dismissed because it was not cognizable under the PCRA. On October 31, 2019, the PCRA court dismissed the petition as untimely. This timely appeal followed.

Appellant raises the following issue on appeal:

> If the Appellant entered into a negotiated plea with the district attorney, which included the important provision that his sentence would run concurrently with his "back time," and this was clearly stated at sentencing and agreed to by the sentencing judge and district attorney, when in fact, under Pennsylvania law, the sentence had to run consecutively with his "back time," would this run afoul of the Appellant's constitutional rights and deprive him of the sentence he had negotiated in good faith?

Appellant's brief, at 5 (emphasis omitted).

Though Appellant delineated his petition for specific enforcement of the negotiated plea agreement as a PCRA petition, precedent holds that such a

claim is contractual in nature and, thus, lies beyond the ambit of the PCRA.

As this Court recently explained:

> A petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 553, 722 A.2d 638, 640 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The plain language of the PCRA mandates that claims which could be brought under the PCRA, must be brought under the PCRA. **Commonwealth v. Hall**, 565 Pa. 92, 96-97, 771 A.2d 1232, 1235 (2001). The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849, 853 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2).
>
> On the other hand, a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance. **See**, **e.g.**, **Commonwealth v. Martinez**, 637 Pa. 208, 147 A.3d 517 (2016); **Commonwealth v. Fernandez**, 195 A.3d 299 (Pa.Super. 2018) (*en banc*); **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa.Super. 2013) (*en banc*), *appeal denied*, 626 Pa. 683, 95 A.3d 276 (2014); **Commonwealth v. Farabaugh**, 136 A.3d 995 (Pa.Super. 2016), *appeal denied*, 643 Pa. 140, 172 A.3d 1115 (2017); **Commonwealth v. Nase**, 104 A.3d 528 (Pa.Super. 2014), *appeal denied*, 640 Pa. 389, 163 A.3d 405 (2016). **Compare Commonwealth v. James Johnson**, 200 A.3d 964 (Pa.Super. 2018) (stating generally that plea enforcement theory is unavailable as ground for collateral relief if there is no plea bargain to enforce). The designation of the petition "does not preclude a court from deducing the proper nature of a pleading." **See Commonwealth v. Porter**, 613 Pa. 510, 524, 35 A.3d 4, 12 (2012) (citing **Commonwealth v.**

> *Abdul–Salaam*, 606 Pa. 214, 996 A.2d 482 (2010) (involving deceptive labeling of PCRA pleading)).

*Commonwealth v. Kerns*, 220 A.3d 607, 611–12 (Pa.Super. 2019).

Thus, we must find the lower court erred in reviewing and dismissing Appellant's petition as one governed by the PCRA, and we are constrained to address the merits of Appellant's claim for specific enforcement of his negotiated plea terms. In this regard, we observe the following:

> Contract interpretation is a question of law, so "[o]ur standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary." *Gillard v. Martin*, 13 A.3d 482, 487 (Pa.Super. 2010). Plea bargains play a critical role in the criminal justice system of this Commonwealth:
>
>> With respect to plea bargains, [t]he reality of the criminal justice system is that nearly all criminal cases are disposed of by plea bargains: [n]inety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas. Plea bargaining is not some adjunct to the criminal justice system; it is the criminal justice system. Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system. The disposition of criminal charges by agreement between the prosecutor and the accused . . . is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule.... A "mutuality of advantage" to defendants and prosecutors flows from the ratification of the bargain.

*Kerns*, 220 A.3d at 611-12.

"When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404

U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Similarly, "[i]f a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney." *Commonwealth v. Hainesworth*, 82 A.3d 444, 449 (Pa.Super. 2013) (*en banc*) (quoting *Commonwealth v. Fruehan*, 557 A.2d 1093, 1094 (Pa.Super. 1989)). Fundamental fairness thus dictates specific enforcement of valid plea bargains. *Hainesworth*, 82 A.3d at 449 (citing *Commonwealth v. Mebane*, 58 A.3d 1243, 1249 (Pa.Super.2012)).

Precedent imposes the obligation to honor such plea agreements even where the stipulated sentence is prohibited under law. In *Commonwealth v. Zuber*, 353 A.2d 441 (Pa. 1971), the Pennsylvania Supreme Court addressed an issue analogous to the one presently at bar. Defendant Zuber was on parole for a previous conviction when he was arrested and charged with murder. Zuber and the Commonwealth entered into a plea agreement whereby Zuber would plead to murder and the Commonwealth would request that the State Board of Parole run Zuber's sentence concurrently with his back time/parole revocation sentence. The trial court accepted the plea agreement. *Id.* at 443.

The sentence contemplated by the parties and the court, however, could not be fulfilled under statutory law, which required a parole violator to serve his back time before he can begin serving a new sentence. *Id.* Yet, the Pennsylvania Supreme Court held that Zuber was entitled to receive the benefit of his bargain—"a prison sentence commensurate with the term

contemplated by all of the parties to the plea proceedings," **Id.**, at 446—despite the unenforceable nature of the sentence. Accordingly, the Court remanded to the court below with instructions to modify appellant's murder sentence to effect a total prison time contemplated by the parties and the trial court at the time of the plea agreement. **Id**.

Recent decisions of both this Court, sitting *en banc*, and the Pennsylvania Supreme Court recognize **Zuber**'s continued precedential value on the issue of specific enforcement of a plea agreement in conflict with sentencing law. Both **Hainesworth** and **Martinez** addressed whether newly-enacted SORNA,[1] which expanded registration requirements beyond those imposed by its predecessor, Megan's Law,[2] superseded plea agreements entered into by Megan's Law offenders/parolees who specifically agreed to plead guilty to lesser charges in order to avoid registration requirements applicable to only the more serious charges they faced.

In **Hainesworth**, the Court analogized the predicament facing the defendants to that of Defendant Zuber and his unwitting entry of a plea that failed to comply with the law and found guidance in the **Zuber** rationale calling for specific enforcement. In **Martinez**, our Supreme Court specifically denied the Commonwealth's request that it reject **Hainesworth**/**Zuber** rationale.

---

[1] Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10–9799.41.

[2] 42 Pa.C.S. §§ 9791-9799.9 (expired).

Instead, the Court relied substantially on both decisions to reinforce the necessity that courts honor bargained-for terms in plea agreements:

"Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury." *Zuber*, 353 A.2d at 444. Consequently, in this Commonwealth, when trial courts accept plea agreements, the convicted criminals, like Appellees in this case, are entitled to the benefit of their bargains. *Id*.

. . .

When a question arises as to whether a convicted criminal is entitled to specific performance of a term of his plea agreement, the focus is not on the nature of the term, *e.g.*, whether the term addressed is a collateral consequence of the defendant's conviction.[] Rather, quite simply, the convicted criminal is entitled to the benefit of his bargain through specific performance of the terms of the plea agreement. *Santobello*, 404 U.S. at 262; *Spence*, 627 A.2d at 1184. Thus, a court must determine whether an alleged term is part of the parties' plea agreement. If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term.

*Commonwealth v. Martinez*, 147 A.3d 517, 532–33 (Pa. 2016).

Required to follow this precedent, we find the agreement to run Appellant's new sentence concurrently to his parole revocation/"back time" sentence was a term of the parties' plea bargain that must now be enforced. As was done in *Zuber*, a remand for sentence modification effecting a prison sentence contemplated by all parties to the plea agreement is necessary in the case *sub judice*.

To that end, however, we note Appellant has both completed his "back time" sentence and also served more than five years' prison time from the June 10, 2015, date of the court's sentencing order imposing two and one-half years to five years' incarceration. Under such circumstances, Appellant is currently within his three-year probationary period.

Accordingly, on remand, a new sentencing order shall be entered having the effect of releasing Appellant from prison and commencing the remainder of his probationary term, which the trial court shall calculate at the time of its order.

Order vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/20