J-S05041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAVION QUANTE LARKIN | : | |
| | : | |
| Appellant | : | No. 723 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 6, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002105-2019

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: APRIL 18, 2023**

Tavion Quante Larkin appeals from the judgment of sentence entered following his guilty plea to aggravated assault and possession of a firearm without a license.[1] Larkin argues the court erred in denying his post-sentence motion to withdraw his guilty plea. We vacate the order denying the post-sentence motion and remand.

In January 2020, Larkin pled guilty to aggravated assault and possession of a firearm without a license, pursuant to a plea agreement. A term of the agreement was the Commonwealth's promise to recommend a sentence of two to five years' imprisonment, with no objection to Larkin participating in boot camp. N.T., Jan. 3, 2020, at 2-3. The court sentenced

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(4) and 6106(a)(1), respectively.

Larkin to two concurrent sentences of two to five years' imprisonment and two years' probation, stating that "if he's otherwise eligible for bootcamp, the court will order boot camp for him." N.T., Mar. 6, 2020, at 13. The sentencing order stated that Larkin was recommended for boot camp. Sentencing Order, filed Mar. 6, 2020, at 2.

In March 2022, Larkin filed a Post Conviction Relief Act ("PCRA") petition, 42 Pa.C.S.A. §§ 9541-9546, alleging his counsel was ineffective because he had informed Larkin that as part of the plea deal, the Commonwealth would not oppose his participation in boot camp. PCRA Petition, filed Mar. 22, 2022, at 4. He alleged that after he completed serving back time owed on a different sentence, he started serving the sentence on the current case in December 2021. *Id.* He claims that in February 2022, he received a sentence status summary, with no mention of motivational boot camp. *Id.* He alleges he asked his unit manager why it was not on the form, and the manager informed him that he was ineligible due to the convictions. *Id.*[2]

_____

[2] In his *pro se* PCRA petition, Larking states he was informed he was not eligible due to the current aggravated assault with a deadly weapon conviction. *See* PCRA Pet. at 4, Exh. A. His current aggravated assault conviction was under 18 Pa.C.S.A. § 2702(a)(4), which does not make him ineligible for boot camp. *See* 61 Pa.C.S.A. § 3903 (defining "[e]ligible inmate" and stating "term shall not include any inmate . . . who has been convicted or adjudicated delinquent of . . . a crime of violence as defined in 42 Pa.C.S.A. § 9714(g)"); 42 Pa.C.S.A. § 9714(g) (defining "crime of violence" to include aggravated assault as defined in 18 Pa.C.S.A. § 2702(a)(1) or (2) and robbery as defined in 18 Pa.C.S.A. § 3701(a)(1)(i), (ii), or (iii)). On appeal, counsel
*(Footnote Continued Next Page)*

That same month, the court granted Larkin's "*pro se* PCRA petition in the nature of a motion to reinstate post-sentence and appellate rights *nunc pro tunc*" and reinstated Larkin's post-sentence and appellate rights. Order, Mar. 28, 2022. The court further appointed counsel and ordered that counsel file a post-sentence motion within 30 days.

Counsel filed a post-sentence motion to withdraw the guilty plea, arguing the plea was not knowing and intelligent because there had been an understanding Larkin would be recommended for boot camp but he was not eligible for the program. The court denied the motion, noting that at the sentencing hearing the court stated it recommended boot camp "if the defendant was otherwise eligible" and therefore there was no guarantee of participation in boot camp. Order, May 25, 2022.[3] Larkin filed an appeal.

Larkin raises the following issue: "Whether the trial court abused its discretion and/or committed an error of law when it denied [Larkin's] post-sentence motion to withdraw his guilty plea?" Larkin's Br. at 3 (unnecessary capitalization omitted).

---

states he is not eligible due to a prior conviction conspiracy to commit robbery – causing serious bodily injury. It is unclear from the record before us, or the publicly available dockets, whether Larkin's convictions make him ineligible for boot camp, as it is unclear what subsection of the robbery statute Larkin's prior conspiracy convicted related to. **See** Docket, CP-25-CR-002501-2013 (guilty plea to "conspiracy – Robbery-Inflict Threat Imm Bod Inj").

[3] In the trial court, the Commonwealth argued the motion was untimely. The trial court also found the motion untimely. However, because the court issued an order reinstating Larkin's post-sentence rights and the motion was filed within 30 days of that order, we find it was timely.

Larkin maintains he entered the guilty plea agreement "with the understanding that there would be a recommendation for the state motivational boot camp program," but he "was never eligible for the program." Larkin's Br. at 6. He states that neither counsel, the Commonwealth, nor the court informed him that his prior record would disqualify him from boot camp eligibility. He points out that eligibility for the boot camp program requires "a certain degree of legal knowledge," and he relied on statements made to him by counsel and the Commonwealth, and the statements in the record that he would be recommended for boot camp. He argues he suffered prejudice because had he known he was not eligible for boot camp, "his decision-making process in entering a plea versus trial might have been completely different." *Id.* at 10. He argues he was not fully informed when he entered the plea agreement and the agreement was based, in part, on a recommendation for motivational boot camp that could not occur. The Commonwealth did not file a brief in this Court.

"[W]hether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa.Super. 2017). "When a defendant seeks to withdraw a plea after sentencing, he 'must demonstrate prejudice on the order of manifest injustice.'" *Id.* (quoting *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa.Super. 2011)). "Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Id.* (quoting *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa.Super. 2016)).

In **Commonwealth v. Zuber**, 353 A.2d 441, 443 (Pa. 1976), a plea agreement included a provision that the Commonwealth and defense counsel would ask the Parole Board to run the defendant's "back time" concurrently with a new sentence. However, at the time, "neither a court nor the Parole Board had the power to order that a 'back time' and a 'front time' sentence be served concurrently." **Id.** The Supreme Court concluded the Commonwealth's promise to request the concurrent sentence was "a void promise" and that the defendant had not entered a knowing and voluntary plea. **Id.** at 445. It reasoned that a "proper and full understanding of the consequences of his plea was essential to its validity." **Id.** The Court noted that "the actual time [the defendant] would be required to serve in prison before becoming eligible for parole was an important consideration in [his] decision to plead guilty," and "the fact that it was made known to the [defendant] on the record that such a request to the Parole Board in no way guaranteed the Board's final decision vis-a-vis the 'back time' owed is of no moment." **Id.** (citation omitted). It found that because the request was a term of the plea bargain, the "obvious underlying inference  that the Parole Board had, at the least, the [o]ption to accept or reject such a request, thereby became an integral part of the bargain as well." **Id.**

Subsequently, this court has concluded that counsel was ineffective where counsel advised a defendant that he would be recommended for boot camp, but the defendant was statutorily ineligible for the program. **See, e.g.**, **Commonwealth v. Hickman**, 799 A.2d 136, 142 (Pa.Super. 2002) (allowing

defendant opportunity to withdraw plea where plea included that he would be recommended for boot camp, but he was ineligible for boot camp); *Commonwealth v. Diaz*, 913 A.2d 871, 875 (Pa.Super. 2006) (remanding for an evidentiary hearing on claim that neither counsel nor court recognized at time of sentence that defendant would be ineligible for boot camp but plea had included a recommendation for boot camp).

In *Hickman*, this Court pointed out that "a plea's validity may be compromised when counsel issues erroneous advice on how the law will affect the duration of a client's sentence." 799 A.2d at 142. We reasoned that where a defendant is informed he will be recommended for bootcamp, but he is ineligible for the program, he was deprived of knowing his "true minimum sentence." *Id.* Further, in *Diaz*, we found that the court's assertion that it agreed merely to recommend boot camp is not dispositive because "a recommendation implies, at least, the possibility of boot camp." 913 A.2d at 875 n.2.

We remand this matter to the trial court for an evidentiary hearing. It is unclear from the record whether Larkin entered a plea knowingly, intelligently, voluntarily, and understandingly. If Larkin was statutorily ineligible for boot camp but was informed he would be recommended for the program, then he entered the plea without proper information regarding his sentence. *See Hickman*, 799 A.2d at 142; *Zuber*, 353 A.2d at 445. This is true even though the court stated at sentencing he would recommend boot camp "if he is otherwise eligible," as a term of the plea agreement was that he would be

recommended and thus considered for boot camp, when no such consideration was possible. *See Zuber*, 353 A.2d at 445; *Diaz*, 913 A.2d at 875 n.2. However, on this record, we do not know whether Larkin was statutorily eligible for bootcamp or whether the Department of Corrections used its discretion not to admit him.[4] *See Commonwealth v. Kersteter*, 877 A.2d 466, 470 (Pa.Super. 2005) (finding that if the defendant was eligible for boot camp, but not admitted, the express terms of the agreement were met, but if the defendant was statutorily precluded from admittance to boot camp, then the plea was violated). We therefore vacate the order denying Larkin's post-sentence motion and remand to the trial court for further proceedings.

Order denying post-sentence motion vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2023

---

[4] *See supra* n.2.